STANLEY *v.* GREENFIELD *et al.*, executors; *et vice versa.*

CANDLER, Justice. 1. Where restrictive covenants in a deed exist as a part of a general scheme of development of a subdivision, one lot owner may enforce the covenant in equity against another lot owner who purchased with notice, and each owner will be chargeable with notice whether the covenant was contained in his immediate deed or not, provided it was contained in the deed from the common grantor; and such covenants are to be construed to carry into effect the intention of the parties, which is to be collected from the whole instrument and the circumstances surrounding its execution. *Dooley* v. *Savannah Bank & Trust Co.,* 199 *Ga.* 353 (2 a) (34 S. E. 2d, 522).

2. In the instant case, the recorded deed, among its descriptive terms, refers to a plat of record, upon which there is a dotted building line 60 feet from the street, but the deed sets out several restrictive covenants in specific language, including the following: "No residence shall be erected or placed on any lot nearer than 10 feet from any side line, or nearer than 80 feet from the property line as shown by plat." The plaintiff in error contends that, under a proper construction of the deed, the restricted building line is 60 feet from the street, rather than 80 feet, because the two clauses in the deed are utterly inconsistent, entitling the former to prevail. The Code, § 29-109, declares: "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." There is a trend in modern authorities toward the restriction of the first portion of the rule quoted next above, as against the latter portion thereof, which includes the cardinal rule of construction. *Thompson* v. *Hill,* 137 *Ga.* 308, 310 (1) (73 S. E. 640). In the construction of contracts there is a rule that a written portion prevails over a printed portion, where the two cannot be reconciled. *Shackelford* v. *Fitzgerald,* 151 *Ga.* 35 (105 S. E. 597); *Surles* v. *Milikin,* 97 *Ga.* 485 (25 S. E. 322). Such a rule is in aid of the cardinal rule to ascertain the intention of the parties. By analogy and parity of reasoning, a mere general reference in a deed to a plat which may logically serve as an identification of the property by lot and block numbers must yield to specific provisions written in a deed in words and figures dealing particularly with the subject of building-line restrictions, although the plat shows a dotted building line across lots in the subdivision in a number of feet different from that expressed in the deed. See *Jones* v. *Lanier Development Co.,* 190 *Ga.* 887, 888 (4 a) (11 S. E. 2d, 11). The words, "a *further* consideration," as used in the case last cited do not indicate that an additional consideration was recited, paid, or necessary, and said case in principle is not inapplicable to the present question, as contended by the plaintiff in error, because there was not an additional expressed consideration in the deed here involved.

3. Another reason contended as requiring a reversal is that, under the pleadings and evidence, the plaintiffs were estopped; it being urged that in the petition an averment was made that "the defendant has done a substantial amount of work on the construction of said build-

ing," and that testimony of a witness for the plaintiffs and photographs identified by him, made shortly before the injunction suit was served on the defendant, show that substantial construction was already done, and there was testimony of the defendant that she had expended $8000 or more on the house before the suit was served on her. It is true that in certain cases this court has held that a party with full knowledge of his rights who has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures by another party on whom great injury would be inflicted, is not entitled to an injunction. *Holt* v. *Parsons,* 118 *Ga.* 895 (45 S. E. 690); *Whipkey* v. *Turner,* 206 *Ga.* 410 (57 S. E. 2d, 481). But whether or not estoppel is established depends upon the circumstances of the particular case (Whitney *v.* Union R. Co. (Mass.), 11 Gray 359, 71 Am. D. 715; Stewart *v.* Finkelstone, 206 Mass. 28, 92 N. E. 37, 28 L.R.A. 634, 138 Am. St. R. 370, and see annotation in 12 A.L.R. 2d, 398); and one of the necessary ingredients is that the person sought to be estopped shall have had actual or constructive notice. *Sovereign Camp Woodmen of the World* v. *Heflin,* 188 *Ga.* 234, 235 (3 S. E. 2d, 559). In the case at bar, the evidence shows that one of the petitioners was in Florida at the time of the construction, and it is not contended that either of the plaintiffs had any personal knowledge of the construction done before the filing of the suit. In this connection the defendant relies on certain conversations of, and visits to the premises by, one George L. Wilson, who was alleged by the defendant to be the agent of the plaintiffs. The pleadings and evidence are not sufficient to establish any agency of the purported agent beyond the fact that he was only a real estate agent engaged in selling lots in the subdivision owned by the plaintiffs, for which he was paid a commission if and when he made a sale. Under that limited and special authority, the purported agent could not by his acts or conversations bind the plaintiffs in any purported waiver of the building-line restrictions or impute notice to the plaintiffs such as to be the basis of any claim of estoppel. Nor is the fact that the defendant may have expended considerable money on the building before the injunction suit was served, in itself, sufficient to estop the plaintiffs from proceeding to enjoin further construction on the building.

4. No separate discussion is necessary on the questions severally raised through general and special demurers to the pleadings, the granting of an interlocutory injunction, and general and special grounds of the motion for new trial, since the evidence amply authorized the verdict and no error is shown in the special grounds or rulings on demurrer or the granting of an interlocutory injunction, inasmuch as all of such questions are encompassed in and controlled by the rulings made in the foregoing divisions of this opinion, which are adverse to the contentions of the plaintiff in error.

5. By the terms of the interlocutory-injunction order, the defendant was "enjoined from continuing construction upon the premises referred to in plaintiffs' petition within 80 feet from the front property line of said property"; and it appearing from the evidence that the defendant, since said order, had continued construction of the house, although the evi-

dence was vague as to whether or not any work had been done upon that portion of the house lying within 80 feet from the street, the trial judge was authorized to interpret the previous order as applying to the construction of *the* house as a unit, and to find that a technical violation of the injunction had been committed and adjudge the defendant in contempt. It not being shown that the trial judge abused his discretion, there is no merit in this exception which was preserved pendente lite and upon which error was assigned also in the final bill of exceptions.

6. An exception complains that, while the case was in progress on the final trial, the judge, on motion of the plaintiffs, struck from the record and removed from the consideration of the jury "all evidence pertaining to expenditures placed in the property by the defendant on and after June 9, 1948 [the date the injunction suit was served on the defendant]." Even if the foregoing be sufficient as an assignment of error, without setting out the exact evidence and objections thereto, it was not erroneous, as complained, to exclude this evidence, in view of the rulings made in the previous divisions of this opinion, because such evidence would be immaterial.

7. In the cross-bill of exceptions, it is complained that the trial judge erred in overruling a motion by the plaintiffs to amend the judgment and decree rendered on the final trial, by including therein the words, "use and maintain," so as to enjoin the defendant to that extent, in addition to the words in the judgment and decree as amended as follows, "that the defendant, Mrs. G. R. Stanley, be and she is hereby permanently restrained and enjoined from continuing to construct or erect the house on the premises described in plaintiffs' petition. . ." The specific prayer of the petition was that the defendant "be temporarily restrained and permanently enjoined from proceeding in any way whatsoever with the construction and erection of said building on the premises hereinbefore described." The judgment and decree was fully in conformity with such specific prayer without the words, "use and maintain." The general prayer for relief will only warrant granting relief pertinent to the case as made by the bill in equity and cannot authorize more. *Peek* v. *Wright*, 65 *Ga.* 639. Nor will the prayer for general relief authorize any relief not germane to the prayers for specific relief. *Phillips* v. *Kelly*, 176 *Ga.* 111 (167 S. E. 281). Obviously, it was merely sought in the bill and prayers to prevent the defendant from proceeding with further construction or erection; and the trial judge was not required to go so far as to insert in the decree the additional words contended for. It follows that it was not error to overrule the motion.

*Judgment affirmed on both the main bill of exceptions and the cross-bill. All the Justices concur, except Head, J., who dissents.*

Nos. 17203, 17208. October 11, 1950. Rehearing denied November 15, 1950.

George Starr Peck, for plaintiff in error.

John L. Westmoreland, John L. Westmoreland Jr., and J. Ralph McClelland Jr., contra.