Grimes *v.* Schmidt et al., Appellants.

Argued April 12, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Gilbert E. Long,* for appellants.

*Howard W. Lyon,* with him *Gilbert D. Levine,* for appellees.

OPINION BY ERVIN, J., June 11, 1957:

This is an action in equity by property owners to enjoin the defendants from obstructing two ten-foot alleys lying adjacent to each other.   These alleys run substantially in a northwardly-southwardly direction. One ten-foot alley is along the eastern extremity of a plan of lots designated Oakwood Plot and the other ten-foot alley is along the western extremity of another plan of lots designated English Manor Plot.   The owners caused the two plans of lots to be prepared showing thereon streets and alleys, together with the num-

bered lots abutting thereon; the plans were then recorded and thereafter lots were conveyed by deeds referring to the plans and their place of record and the lots were numbered in accordance with the numbers on the plans. The descriptions also showed the streets upon which the lots abutted. The descriptions in the deeds of the defendants showed that their lots abutted the alleys in question. The plaintiffs, Alvin F. Grimes and Jem Ann Grimes, own lots in both plots and the plaintiffs, Earl H. Pearsall and Martha H. Pearsall, own lots only in the Oakwood Plot. None of the plaintiffs' lots abut upon the alleys in question. The alleys are now being used by the defendants for garden purposes and lawns. Michael R. Schmidt and wife appealed from the decree of the court below directing the defendants to remove the obstructions from the alley and restraining them from interfering with the plaintiffs' easements thereover.

The principal contention of the appellants is that the lower court should not have enforced the right of easement which the plaintiffs had in the alley because of the slight benefit to the plaintiffs and the substantial hardship to the defendants. Great reliance is placed upon the language used in the case of *Cohen v. Simpson Real Estate Corp.*, 385 Pa. 352, 123 A. 2d 715, where the Court said: "It is therefore, highly doubtful whether, in any event, equity should, in the exercise of its discretion, lend its aid to the enforcement of an alleged right which is of such slight, if any, benefit to the plaintiff, and where the issuance of an injunction, on the other hand, would work a substantial hardship on the defendant and deprive the City of Scranton of the parking facilities contemplated." This was a mere make-weight to the real issue in that case. At page 356 the Court said: "The second principle, sharply distinguished from the other, is that, where there *has been*

*a prior opening or projection by a municipality, or a dedication by a private owner and acceptance by a municipality,* of streets and alleys appearing on a plan of lots, a subsequent purchaser of a lot which is part of the plan of lots obtains no private right to or easement over those streets. In such a situation there is negatived any implied covenant that the grantee should have private rights in the streets in addition to the rights of the public therein." The facts in that case were that on March 7, 1857 the owner of the tract conveyed to the then Borough of Scranton, for the use of the public as highways, all the streets and alleys laid out on the plan, "since which time Oakford Court and Center Street have been public streets." The deeds of conveyance to the plaintiff's predecessors in title were executed and delivered between 1858 and 1865. In that case the lot owners had no private easement which survived the vacation of the public street. In the present case there had been no prior opening or projection by a municipality or a dedication by a private owner and acceptance by a municipality, of the alley in question. The plaintiffs have a private easement, which came into being as a result of the conveyances to their predecessors in title and the reference therein to the common plan or plans. There is nothing in this record to indicate the termination of that private easement. Furthermore, no great hardship would be suffered by the defendants in the present case because the evidence shows that they use the alley only for garden and lawn.

It is argued that no benefit would accrue to the plaintiffs because their lots do not abut on the alley and are located on an unopened street and gulley, two streets removed from the alley. The plaintiffs' lots need not abut on the alley. *Cohen v. Simpson Real Estate Corp.,* supra, page 356, and cases therein cited in footnote 3. The fact that the plaintiffs' lots abut upon an

unopened street and gulley at the present time does not defeat their easement in the alley because their easement was created by contract and is not one which arises because of necessity. The street upon which plaintiffs' lots abut could be made usable by the fill of the gulley. The alley need not be opened or used in order to create the right of easement in the plaintiffs. Their rights depend upon a contract and may not be taken away from them without just compensation therefor.

Two other questions, presented in the appellants' brief, need not be considered in this opinion because counsel for the appellants admitted that they were of no consequence and were therefore not being pressed.

We have carefully considered all the questions set forth in appellants' brief and are of the opinion that the case was properly decided by the court below.

The next to the last sentence of the final decree of the court below is as follows: "The defendants are ordered and directed to remove the barriers and other obstructions for the use of the said alley which they have erected thereon and are restrained and enjoined from interfering with the free and uninterrupted use of the restricted easement which the plaintiffs have in said ten foot alley." We modify that sentence as follows: "The defendants are ordered and directed to remove the barriers and other obstructions from the said alleys and are restrained and enjoined from interfering with the free and uninterrupted use of the easements which the plaintiffs have in said ten foot alleys."

As modified the decree of the court below is affirmed.