Simon M. KENNEDY, et al. *v.* Roger J. PAPP, et al.

87-267                                                741 S.W.2d 625

Supreme Court of Arkansas
Opinion delivered December 14, 1987

*Mitchell, Williams, Selig & Tucker*, by: *W. Christopher Barrier* and *Tracy Barger*, for appellants.

*Ivester, Henry, Skinner & Camp, A Professional Association*, by: *H. Edward Skinner* and *Robert S. Irving*, for appellees.

DARRELL HICKMAN, Justice. This is a dispute between neighbors in a Little Rock subdivision over the scope of an easement, which generally runs behind each lot in their particular block. The appellants contend the easement can be used as a driveway for vehicles; the appellees contend it cannot but is restricted to use only for utilities, drainage and jogging.

The main adversaries are the Papps and Kennedys, both of whom own lots in the same block of the subdivision. Both claim they bought their lots with the assurance the easement could be used as they contend. The Bailey Corporation, the developer of

the subdivision, and other lot owners are also parties to this suit. Attached is a plat of the block in question which shows the ownership of the lots and the easement, the shaded area, as it appears on the plat filed of record.

In January of 1986 the Kennedys began construction of a house on lot 119. The construction workers began using the easement in question for access to lot 119. This meant driving both beside and behind the Papp's house. The Papps, who own lot 124, verbally informed the Kennedys that they did not have the right to use the easement as a driveway. The Papps had examined the bill of assurance to the subdivision before they bought this lot, and they were assured by a realtor and their predecessor in title that the easement was not a driveway for all lot owners. The Kennedys requested that the Bailey Corporation clarify the matter. On January 13, 1986, the Bailey Corporation advised all lot owners that the easement was intended to be used as a driveway. The Kennedys built their house with a garage facing the rear, access to be gained over the easement. The Papps made formal written demand on the Kennedys to discontinue use of the easement on March 12, 1986.

The appellees eventually filed suit to enjoin the use of the easement as a driveway by the appellants. The chancellor found the appellees were correct in that the bill of assurance for the subdivision established an easement only for purposes of utilities, drainage and jogging path and not for use by vehicles to gain access to individual lots. The chancellor was right, and we affirm the decree.

The case was submitted to the judge on stipulations. The lots are located in the St. Charles subdivision of Little Rock and developed by the Bailey Corporation, one of the appellants.

The appellants make several arguments on appeal. First, they argue the chancellor erred in failing to find an express easement for vehicular use. The appellants rely on the plat filed by Bailey Corporation which has this notation:

GENERAL NOTES —

1. ALL EASEMENTS SHOWN = = = ARE TO BE USED FOR UTILITIES AND OR DRAINAGE AND/OR JOGGING PATHS AND/OR PRI-

VATE DRIVES.

2. IRON PINS ARE SET AT ALL LOT CORNERS.

3. LOTS WITH ROUNDED CORNERS ARE MEA-
SURED TO A POINT OF INTERSECTION OF
LOT LINES AND NOT POINTS ON CURVE.

4. ALL DISTANCES SHOWN ALONG CURVES
ARE CHORDS.

5. RADII AT INTERSECTION OF STREET
RIGHTS-OF-WAY ARE TO BE 25 FEET UN-
LESS OTHERWISE INDICATED.

However, the bill of assurance contains these provisions:

Allotter hereby donates and dedicates to the public an
easement of way on, over and under the streets on said plat
to be used as public streets. In addition to the said streets,
there are shown on said plat certain easements for drainage
and utilities which Allotter hereby donates and dedicates
to and for the use by public utilities, the same being,
without limiting generality of the foregoing, electric
power, gas, telephone, water and sewer, with the right
hereby granted to the persons, firms or corporations
engaged in the supplying of such utilities to use and occupy
such easements, and to have free ingress and egress
therefrom for the installation, maintenance, repair and
replacement of such utility services. In addition the above
easements may be used by the property owners in St.
Charles for the purpose of jogging trails when such use
does not conflict with this use by the public utilities.

The filing of this Bill of Assurance and Plat for record
in the office of the Circuit Clerk and Ex-officio Recorder of
Pulaski County shall be a valid and complete delivery and
dedication of the street and easements subject to the
limitations herein set out.

. . . .

Easements for Public Utilities, Drainage and Jogging
Trails. Easements for the installation, maintenance, repair
and replacement of utility services, sewer, drainage and

jogging trails have heretofore been donated and dedicated, said easements being of various widths, reference being hereby made to the plat filed herewith for a more specific description of width and location thereof. No trees, shrubbery, incinerators, structure, buildings, fences or similar improvements shall be grown, built or maintained within the area of such utility, drainage and jogging easement except such area may be paved to provide a proper surface for jogging trails. In the event any trees, shrubbery, incinerators, structures, buildings, fences, or similar improvements shall be grown, built or maintained within the area of such easement, no person, firm or corporation engaged in supplying public utility services shall be liable for the destruction of same in the installation, maintenance, repair or replacement of any utility service located within the area of such easement.

The restrictions were declared to run with the land and bind all owners of the land.

The appellants argue that the language in a plat is controlling and that the chancellor erred in her findings. They rely on *Epps* v. *Freeman*, 200 S.W.2d 235 (S.C. 1973), *Cook* v. *Mighell Construction Co.*, 40 Ill. App. 3d 1032, 353 N.E.2d 43 (1976), and *Grimes* v. *Schmidt*, 184 Pa. Super. 159, 132 A.2d 406 (1957). These decisions are not controlling because we have a bill of assurance as well as a plat. The language in the plat relied on by the appellants is unclear. It reads:

All easements shown = = = are to be used for utilities and or drainage and/or jogging paths and/or private drives.

The use of "and/or" as we have said before is "at best . . . 'equivocal, obscure and meaningless,' at worst 'slovenly, improper and a linguistic abomination.' " *Boren* v. *Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984). On the other hand, the bill of assurance in clear language states the easement is to be used for utilities, drainage and jogging and does so in two different sections. The bill of assurance makes no mention of vehicular use.

In general, an express easement may be created by a written instrument. *See* 25 Am. Jur. 2d *Easements* § 20 (1966). We are unconvinced that the general note on the plat does, in fact,

conflict with the language contained in the bill of assurance. The "and/or" language may only indicate that the developer thought the easements might also be used for vehicular access to some of the lots. Even if the language of the plat conflicts with that of the bill of assurance, the rule of construction to be applied would favor the specific provision, that is, the bill of assurance over the general provisions in the plat. *Stanley* v. *Greenfield*, 207 Ga. 390, 615 S.E.2d 818 (1950).

We also examine all of the documents of record in such cases to gather the intent of the parties. *Constant* v. *Hodges*, 292 Ark. 439, 730 S.W.2d 892 (1987). The chancellor made the right decision: the easement was not expressly established for the purpose of a vehicular access to the lots.

The appellants also contend that the judge erred because she should have found an implied easement or an easement by necessity which would have permitted use of the easement as a driveway. We cannot find in the abstract where this exact argument was submitted to the trial court. In any event, the appellants had the burden of proving the existence of such easements. The proof was simply insufficient to support either claim.

The definition of an implied easement is contained in *Greasy Slough Outing Club, Inc.* v. *Amick*, 224 Ark. 330, 274 S.W.2d 63 (1954), and *United States* v. *Thompson*, 272 F. Supp. 774 (E.D. Ark. 1967). In *Thompson* that court stated:

> Where, during unity of title, a landowner imposes an apparently permanent and obvious servitude on part of his property in favor of another part, and where at the time of a later severance of ownership the servitude is in use and is reasonably necessary for the enjoyment of that part of the property favored by the servitude, then the servitude survives the severance and becomes an easement by implication. In order for such an easement to be established it must appear not only that the easement was obvious and apparently permanent but also that it is reasonably necessary for the enjoyment of the property, the term "necessary" meaning that there could be no other reasonable mode of enjoying the dominant tenement without the easement. An easement by implication does

not arise merely because its use is convenient to the beneficial enjoyment of the dominant portion of the property.

*See also Burdess* v. *United States,* 553 F. Supp. 646 (E.D. Ark. 1982). The appellants have failed to prove that the easement is necessary for them to enjoy their property. They have access to their lots from the street in front of their homes. In fact the Kennedys have a front driveway as well as a garage behind their home. The degree of necessity for an implied easement must be more than one of mere inconvenience. *Brandenburg* v. *Brooks,* 264 Ark. 939, 476 S.W.2d 196 (1979).

For the same reason, the appellants have failed to prove that an easement of necessity existed. The standards are essentially the same for both. *See Burdess* v. *United States, supra.*

The argument is made that the trial court in effect ruled that the subdivision ordinance of the City of Little Rock replaced the common law of easements. No citation of authority is given for this argument. *See Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977). Cities, of course, can regulate subdivisions and provide for plats and bills of assurance to be filed. The municipal planning process is clearly authorized by Ark. Stat. Ann. § 19-2829(c) (Repl. 1980). The effect of the documents on rights and interests is determined by the courts. That is all the trial judge did. She based her decision on a reading of the plat and bill of assurance together. In general, parties can change the way property is used through their conduct, but the appellants have failed to establish the existence of any common law easement.

The last argument made by the appellants is that the appellees should be estopped from preventing the appellants from using the easement as a driveway since the appellees are using the easement as a driveway. The appellants again have cited no authority. *See Dixon* v. *State, supra.* One fact the appellants overlook is the easement the appellees are using for a driveway is located on their property. The paved portion of the easement is 18 feet wide according to the plat while the utility easement is approximately 25 feet wide; most, if not all, of the easement used for vehicles is located on the appellees' property. It can be paved for use by joggers. The fact that the Papps are driving on their property as well as the Makis' property would not estop the

appellees from preventing others from driving over the appellees' property.

We do not have before us the question of whether the utility companies or joggers who live in St. Charles could prevent the Papps and Makis from using the easement as a driveway in violation of the bill of assurance.

Affirmed.

PURTLE, J., concurs.

HAYS, J., not participating.

GLAZE, J., dissents.

JOHN I. PURTLE, Justice, concurring. The appellees have no more right to use this easement as a private drive than do the appellants. The appellees do not own the easement and the regular use of it by them as a private drive is inconsistent with the decision that the appellants may not use the easement as such.