Robert L. TANNER *v.* CITY OF GREEN FOREST, Arkansas

90-17                                          788 S.W.2d 727

Supreme Court of Arkansas
Opinion delivered April 30, 1990
[Rehearing denied May 29, 1990.]

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellant.

*Terri L. Harris*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the application of a zoning ordinance of the appellee, City of Green Forest (City), to land purchased by the appellant, Robert Tanner.

The underlying facts are that Tanner purchased a 25 acre tract of land fronting on U.S. Highway No. 62 in 1984; at that time, the land was zoned as residential property. In 1987, Tanner sought to have the tract rezoned as commercial property.

The procedure concerning the zoning of property with frontage on U.S. Highway No. 62 is contained in the City's Ordinance No. 347, which was adopted on September 8, 1981, and provides as follows:

> That all lots, tracts or other parcels of real property with frontage on U.S. Highway No. 62 shall be zoned either Commercial or Residential, at the election of the Buyer thereof upon proper application therefor. Provided, however, that no part of said property shall be changed from its present zoning classification unless and until a building

permit has been approved by the City Planning Commission and the City Council.

The City Planning Commission recommended rezoning Tanner's tract subject, however, to the approval of a building permit by the Planning Commission and City Council. The City Council subsequently rejected Tanner's request.

From that decision, Tanner appealed to the Chancery Court of Carroll County; after reviewing the evidence, the chancellor dismissed Tanner's petition. From that order, Tanner appeals and alleges two points of error: 1) that the chancellor erred in finding that Ordinance No. 347 did not constitute a bill of assurance that obligated the City, upon his proper application, to rezone his property from residential to commercial, and 2) that the chancellor erred in not finding the City's refusal to rezone his property as being unreasonable and arbitrary. We find no merit to either argument and affirm.

It is well-settled that when we review the decree of a chancery court that the decree will be affirmed when the findings of fact are not clearly against the preponderance of the evidence. *City of Little Rock* v. *Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981).

Tanner initially contends that the chancellor erred in finding that Ordinance No. 347 did not constitute a bill of assurance, which would have conferred upon every landowner affected by the ordinance the power to designate the zoning classification of the property at the landowner's discretion.

Tanner attempts to correlate a bill of assurance with an ordinance by asserting that the actual passage of an ordinance, which he argues provides a property owner with the discretion to rezone his respective property, creates the same vested rights in property owners as a bill of assurance. However, Tanner cites no authority for this proposition, and we find no basis for such a correlation.

An ordinance, a local law or a regulation enacted by a city council or other similar body under powers delegated to it by the state, is legislative in nature by its own definition. A bill of assurance more readily equates to a restrictive covenant inasmuch as it relates to the assurances provided by a developer,

generally of a subdivision, to buyers of the developing property that the restrictive covenants contained in the bill of assurance will be enforced on the purchased lots. *See generally Kennedy* v. *Papp*, 294 Ark. 88, 741 S.W.2d 625 (1987); *McGuire* v. *Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988).

In fact, *City of Little Rock* v. *Sun Building & Developing Co.*, 199 Ark. 333, 134 S.W.2d 583 (1939), and *Richardson* v. *City of Little Rock Planning Comm'n*, 295 Ark. 189, 747 S.W.2d 116 (1988), which are relied upon by Tanner, support our position on the distinction between an ordinance and a bill of assurance. In *Sun Building & Developing Co.*, we held that where an addition had been platted and a bill of assurance filed and accepted by the City, under which lots might be used for either business or residential purposes, the subsequent passing of an ordinance by the City classifying the property as residential property constituted a taking of property without just compensation and was invalid.

In *Richardson*, (citing *Smith* v. *City of Mobile*, 374 So.2d 305 (Ala. 1979), and *RK Dev. Corp.* v. *City of Norwalk*, 156 Conn. 369, 242 A.2d 781 (1968)), we stated that once a planning commission, which is not a legislative body but functions in an administrative capacity and derives its authority from the legislature, has exercised its authority in drafting regulations pertaining to subdivision development, it is bound by those regulations and shall administer them guided by standards that can be uniformly applied and that give notice to subdividers of the minimum requirements with which they must comply in order to obtain approval. As a result, we held that a planning commission may not disregard the regulations set forth in a subdivision ordinance and substitute its own discretion in lieu of fixed standards applying to all cases similarly situated.

Consequently, the distinction between an ordinance and a bill of assurance precludes any correlation in their application or effect.

Tanner also alleges that the chancellor erred in not finding the City's refusal to rezone his property as being unreasonable and arbitrary. The question before the chancellor when a zoning action of the City is challenged is solely whether or not the City acted arbitrarily, capriciously, or unreasonably. In other

words, the question is whether there was any reasonable basis upon which the City could have based its decision. *City of Little Rock* v. *Breeding, supra.*

■ In deciding this question, there is a well-established presumption that the city board or legislative body acted in a reasonable manner when they either zone or refuse to zone property, and the burden is on the landowner to show otherwise. *City of Little Rock* v. *Breeding, supra* (citing *Economy Wholesale Co.* v. *Rogers*, 232 Ark. 835, 340 S.W.2d 583 (1960)).

In support of his position, Tanner asserts that commercial utilization of his property is not only the best use of the property, but the only use, and he characterized the neighborhood surrounding this tract as being "ever emerging commercial in nature." He also states that he has been the only landowner of property fronting on Highway 62 to have been denied rezoning in that area, that the City had no reason to deny his petition, and the property was only valuable for commercial retail development.

■ However, we have held that rezoning is not justified solely on the ground that it is necessary to put a particular tract to its most remunerative use. *City of Little Rock* v. *Breeding, supra.*

Additionally, the chancellor relied on the following factors in determining that the City had not acted in an arbitrary, capricious, or unreasonsable manner when it denied Tanner's rezoning petition: 1) the hearing at which Tanner presented his rezoning petition was well attended by residents of the area and that some of the residents objected to the petition, 2) there were concerns recited over increased traffic and the ability to provide sewage services, 3) Tanner's land was wholly within an area zoned residential, 4) Tanner was personally aware of the current zoning classification of the property at the time of its purchase, 5) Tanner was aware of the restrictions of use and the requirement that affirmative action by the City Council to rezone by ordinance was necessary, and 6) Tanner did not raise any technical objection as to the validity of Ordinance No. 347.

■ Based on the foregoing, we cannot say that the chancellor's findings are clearly against the preponderance of the evidence as to the City's decision not to rezone Tanner's property.

Affirmed.