The BANK OF FAYETTEVILLE, N.A., et al. *v.*
MATLIDA'S, INC., et al.

90-282                                                        803 S.W.2d 549

Supreme Court of Arkansas
Opinion delivered February 18, 1991.

*Bassett Law Firm*, by: *Curtis L. Nebben* and *Gary V. Weeks*, for appellant.

*Pettus Law Firm*, by: *E. Lamar Pettus*, for appellee.

STEELE HAYS, Justice. The Bank of Fayetteville, N.A., John M. Lewis and Patricia Lewis brought this suit to quiet title to an easement to a common stairway at the rear of adjoining buildings which house the Bank of Fayetteville and Matilda's, Inc., naming

A.D. and Virginia McAllister as defendants.[1] The stairway is in the McAllister building and provides access to the second floor of the bank building. The bank building is owned by plaintiffs, John M. Lewis and Patricia Lewis, and leased to the Bank of Fayetteville.

The petition alleged that the stairway entrance had been recently blocked, denying the plaintiffs the full enjoyment of their easement. The McAllister defendants filed a counterclaim alleging abandonment and adverse possession for more than fifteen years, asking that title to the disputed property be quieted in A.D. McAllister, Jr., Trustee.

Issues were joined and following a trial the chancellor found that the plaintiffs and their predecessors in title had as early as 1909 acquired the perpetual and unrestricted use of the stairway leading from the street to the second story and the right to rebuild or repair the stairway and hall in the event of destruction, injury or decay. The chancellor also found that the stairway had not been used by the plaintiffs or their predecessors in title for at least twenty-nine years and that the entryway at the head of the stairway has been sealed and bricked for at least twenty-nine years preceding this litigation; that even though various conveyances among members of the Lewis family over the years included a description of the easement, evidencing its existence, the subject of reopening the entryway to provide access was never raised until sometime in 1986; that the lack of use, combined with the passageway being sealed and bricked for more than twenty-nine years, constitutes an abandonment.

On appeal from the decree, the Bank of Fayetteville, John M. Lewis and Patricia Lewis maintain that the finding of the chancellor that the easement rights were abandoned was against the preponderance of the evidence. Finding no merit in the argument, we affirm the decree.

■ While we consider chancery appeals *de novo*, we will not reverse unless the chancellor's findings are clearly erroneous. *Wilson* v. *Wilson*, 301 Ark. 80, 781 S.W.2d 487 (1989). The

---

[1] Additional party defendants owning beneficial interests under the A.D. McAllister, Jr., Trust were subsequently added.

chancellor held that the combined lack of use and the sealing and bricking of the entryway over twenty-nine years ago constituted an abandonment of the easement because those were acts inconsistent with future enjoyment of it. We recognize the rule that an easement may be lost by abandonment. *Drainage District No. 16* v. *Holly and Roach*, 213 Ark. 889, 214 S.W.2d 224 (1948). Abandonment in this context means "to relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in,. . ." *Hendrix* v. *Hendrix*, 256 Ark. 289, 506 S.W.2d 848 (1974). The one asserting abandonment has the burden of proving it by clear evidence. *Id.* An easement may not be lost by merely showing nonuse, however, "abandonment of an easement will be presumed where the owner of the right does or permits to be done any act inconsistent with its future enjoyment." *Drainage District No. 16* at 898, 214 S.W.2d at 229.

The evidence consistent with abandonment in this case included: (1) The doorway leading into the bank building had been bricked and sealed for at least twenty-nine years. (2) Members of the Lewis family have held title to the bank building since 1909, but there has been no demand or request to reopen the passage for at least twenty-nine years until appellant John Lewis began renovation of the bank building in 1989. (3) The Lewis family members have not used the stairway, even to have a utility meter read, for more than fifteen years.

In *Drainage District No. 16* v. *Holly and Roach, supra,* the Arkansas Supreme Court held that the Drainage District abandoned its right-of-way for a levee because it destroyed the original levee and erected another on a new location. Also, the District did not exercise any control over the original right-of-way for at least seven years. Justice McFadden wrote for the entire court:

> [w]hether or not an abandonment exists in any given case depends upon the particular circumstances of such case. A right-of-way is but an easement, which will be held to be abandoned with the intention to abandon and the acts by which such intention is carried into effect clearly indicate such abandonment. While nonuser does not alone constitute an abandonment, yet it is some evidence thereof, and

when, in addition to such nonuser, facts are proved and circumstances shown in testimony evincing that intention, then the abandonment is established.

*Id.* at 897-98, 214 S.W.2d at 229 [quoting *Gurdon & Ft. Smith Rd. Co.* v. *Vaught*, 97 Ark. 234, 133 S.W.2d 1019 (1911)]. An Oklahoma court, under comparable facts, held that an easement providing access to an opera house by its third floor was abandoned. One of the factors relied on was that the owner of the opera house permanently eliminated access by bricking off the third floor access. *Stillwater Columbia Assoc., Inc.* v. *Shepherd*, 727 P.2d 596 (Okla. Ct. of App. 1986).

Though an easement of way is not lost by nonuser, evidence of nonuser may be admitted as interpretative of acts which in themselves might constitute an extinguishment of the easement. Moreover, obstructions rendering the user of an easement impossible and sufficient in themselves to explain the nonuser, combined with a great length of time during which no objection was made to their continuance and no effort was made to remove them, raises a presumption that the right was abandoned.

G. Thompson, *Thompson on Real Property* § 443 at 742 (1980).

In this case, the length of time of nonuse of the easement indicates an intent to abandon it. While nonuse alone may not be enough, it was accompanied by proof of the absence for an extended period of time of any objection to, or attempts to reopen, the brick obstruction of the passageway. That proof was incompatible with a desire to use the easement and leads us to conclude that the chancellor's finding of abandonment was not clearly erroneous.

Affirmed.

NEWBERN and BROWN, JJ., not participating.