THOMAS PETROLEUM, INC. *v.* CITY OF WEST HELENA and City of West Helena Planning Comm'n

91-329                                                    839 S.W.2d 523

Supreme Court of Arkansas
Opinion delivered October 26, 1992

*Daggett, Van Dover & Donovan*, by: *Joe R. Perry*, for appellant.

*Schieffler Law Firm*, by: *Edward H. Schieffler*, for appellees.

JACK HOLT, Jr., Chief Justice. This is an appeal from the Phillips County Chancery Court's order approving the actions of the City of West Helena in denying an application to rezone real property. Appellant Thomas Petroleum, Inc. (Thomas), by its owners Jack and Alice Thomas, petitioned the Planning Commission of West Helena, Arkansas, to rezone their property on which the Richmond Hill Conoco Station was located, from "Residential A" (R-A) to "Highway-Commercial" (H-C). Apparently, Thomas wanted to raze the existing building and construct a new building to accommodate both a convenience store and its service station.

The Planning Commission held a public hearing, heard testimony from both Thomas and the neighbors residing near the service station, and unanimously voted to deny the petition to rezone. Residents in the area were opposed to the change in the use of the property. Thomas appealed to the West Helena City Council, where the petition was again denied. Thomas then filed a complaint in Phillips County Chancery Court seeking an order

declaring the actions of the Planning Commission "illegal" and changing the zoning of the property. The chancellor found the Planning Commission did not act in an arbitrary, capricious, or unreasonable manner when it refused to rezone the property and therefore denied Thomas' complaint.

The Richmond Hill Conoco Station, located in West Helena, has operated as a service station since at least the 1930's. Mr. Thomas purchased the station in 1970 and has continued to operate it. Evidence at the hearing in chancery revealed that this property had been zoned residential since 1961. Mr. Thomas knew the parcel was zoned residential when he purchased the business and that he would be entitled to continue its operation in its present form under city zoning ordinances as a "non-conforming use."

On appeal, Thomas and the City of West Helena bring to discussion and labor over the issue of whether the tearing down of the existing structure and building of a service station and convenience store is a permissible extension of Mr. Thomas' non-conforming use under the City's zoning ordinances. However, their arguments are of no moment, as this issue was not addressed by the trial court.

The sole question before the trial court, was whether or not the City of West Helena was acting in an arbitrary, capricious or unreasonable manner in refusing to rezone Mr. Thomas' property from "Residential A" (R-A) to "Highway-Commercial" (H-C). *See City of Little Rick v. Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981). The parties' arguments concerning extensions or non-extensions of non-conforming use have no bearing in this regard.

■ When we review the decree of a chancery court denying rezoning, the decree will be affirmed if the findings of fact are not clearly against the preponderance of the evidence. *Tanner v. City of Green Forest*, 302 Ark. 170, 788 S.W.2d 727 (1990); *City of Little Rock v. Breeding, supra.* In deciding this question, there is a well-established presumption that the city board or legislative body acted in a reasonable manner when they either zone or refuse to zone property, and the burden is on the landowner seeking rezoning to show otherwise. *Tanner, supra.*

In the present case, as in *Tanner*, several factors were relied on by the chancellor in making his decision. The chancellor embraced in his order the six reasons for turning down the request for rezoning found in the minutes of the Planning Commission:

> (1) Increased risk of traffic accidents. This location is a dangerous portion of U.S. Highway 49B. A convenience store would encourage school children to cross the highway in this vicinity thereby increasing the risk of death or serious bodily harm. This facility is located in the vicinity of three (3) different schools — Woodruff Elementary School, Beechcrest Elementary School, and Central High School.
>
> (2) Potential for criminal activity associated with a convenience store.
>
> (3) Increased litter.
>
> (4) Possibility for sale of alcoholic beverages in the residential area, which includes Woodruff Elementary School, Beechcrest Elementary School, and Central High School. ABC regulations would permit beer sales if sought by the petitioner or their successors.
>
> (5) Opposition by a large majority of the citizens in the neighborhood. Many attended the public hearing and forty-four (44) signed a petition opposing the request for rezoning.
>
> (6) The need to maintain consistent zoning area, and not to set a precedent of spot zoning. This property is in the middle of Zone R-A (all of the surrounding property is zoned R-A for single family dwellings).

Additionally, the chancellor relied upon the fact that there was a hearing where Thomas presented his proposal, the property was entirely surrounded by a residential area, and that the residents objected both by petition and at the hearing.

In short, Thomas failed to rebut the presumption that the City acted in a reasonable manner and based on our review of the record and the proceedings at the hearing, there was ample evidence to support the chancellor's decision that the City of West Helena did not act in an arbitrary, capricious, or unreasonable

way.

The chancellor's findings were not clearly against the preponderance of the evidence.

Affirmed.