Lindsay M. THOMAS *v.* CITY OF LITTLE ROCK, et al.

CA 94-1049                                              914 S.W.2d 328

Court of Appeals of Arkansas
Division II
Opinion delivered February 7, 1996

*The Gill Law Firm*, by: *Victor A. Fleming*, for appellants.

*Thomas A. Carpenter*, Little Rock City Att'y, by: *Stephen R. Giles*, Deputy City Att'y, for appellee City of Little Rock.

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *James H. Penick, III*, for appellees Amy and Leon Pugh.

*Chisenhall, Nestrud & Julian, P.A.*, by: *Jim L. Julian* and *Janie W. McFarlin*, for appellee Arkansas Power & Light Co.

JOHN E. JENNINGS, Chief Judge. Lindsay and Mary Thomas appeal from an order granting summary judgment in favor of the City of Little Rock and Leon and Amy Pugh. At issue was the Pugh's use of thirty feet of a 150-foot platted alley-way running east and west in block one of Little Rock's Country Club Heights subdivision.

The subdivision was platted in 1912, and the bill of assurances granted to the public "an easement over and upon" the alleys. In 1980 the Thomases purchased property bordering the north boundary of the easternmost 120 feet of the alley. This was the only portion of the alley that had been graded and graveled. The westernmost thirty feet was overgrown with weeds and shrubs.

In 1993 the Pughs bought property abutting the western terminus of the 150-foot alley. They built a parking garage on the northeast corner of their property and, over the objections of the Thomases, cleared the westernmost thirty feet of the alley and began using the alley for primary access to their property.

The Thomases filed suit on November 10, 1993, and amended their complaint on February 2, 1994, alleging that the public's claim to the westernmost thirty feet of the alley became extinguished by common law abandonment. They also sought to quiet title, subject to utilities' easements, to the north five feet of the alley's westernmost thirty feet. The Pughs and the City of Little Rock answered, and both moved for summary judgment, arguing that there was no genuine issue of material fact, and that the issue was whether, as a matter of law, common law abandonment applied to platted and dedicated alleys in municipal subdivisions. The trial court, finding that there were no genuine issues of material fact, granted summary judgment in favor of the Pughs and the City of Little Rock.

Appellants argue two points on appeal:

> 1. The right of vehicular ingress and egress to the Pugh property over the property in question — if it ever existed — has been abandoned.

> 2. Vehicular usage of the West-most 30 feet for primary access to the Pugh property is not authorized by the bill of assurance and is not in accordance with applicable city code.

In support of their second argument, appellants note that the Country Club Heights Bill of Assurance reserved to the grantor the right to grant franchises to public utilities for the purposes of laying pipe beneath the alleys. The appellants also note that the Little Rock City Code defines alley as "a permanent public service way which affords only secondary means of access to abutting property." The argument is that the grant to the public "of an easement over and upon the alley" is not sufficiently specific to permit the public to drive a car down the alley.

We cannot agree that the dedication to the public of streets and alleys requires an express reference to vehicular usage. Unless there are reservations on the purposes for which a

dedication is made, the public may use dedicated property for any use not inconsistent with the common purposes of the easement. *See Harvey* v. *Bell*, 292 Ark. 657, 732 S.W.2d 138 (1987). Nor do we agree that *Kennedy* v. *Papp*, 294 Ark. 88, 741 S.W.2d 625 (1987), relied upon by the appellants, controls. In *Kennedy*, the supreme court affirmed a chancellor's factual determination as to the scope of an easement. The easement did not appear to have been an alley dedicated for the public's general use, but rather was found by the chancellor to be intended for use as a "jogging trail" by the property owners in the subdivision.

██ Appellants' primary argument is that the westernmost thirty feet of the alley had been abandoned by the public. We do not agree. Arkansas Code Annotated section 14-301-301 (1987) gives cities of the first class the power and authority to vacate public streets and alleys. Arkansas Code Annotated section 14-301-303 provides, in part, that "no street or alley, or any portion thereof, shall be abandoned or vacated unless there has been filed with the council the written consent of the owners of all lots abutting on the street or alley, or the portion thereof, to be vacated." *See also Jones* v. *American Home Life Ins. Co.*, 293 Ark. 330, 738 S.W.2d 387 (1987). In *Bushmiaer* v. *City of Little Rock*, 231 Ark. 848, 333 S.W.2d 236 (1960), the court noted that then Ark. Stat. Ann. § 19-3831 provided that title to an alley, or any portion thereof, could not be acquired by adverse possession. The court also said:

> "The equitable doctrine of laches cannot be successfully invoked to defeat the right of the city to open the street which was dedicated to that use. . . .
>
> Nor is the city estopped, on account of the inaction of its officers for a long period of time, to proceed to open the street. . . . The owners of lots abutting on the platted street had notice of the dedication, and are presumed to have had knowledge of the city's right to proceed in its own time to open the street. They could therefore, build up no right to continued occupancy of the dedicated strip on account of delay in opening the street to public use."

. . . .

"[T]he dedication of it as a public way has now become irrevocable, and the city can accept it at anytime. Meanwhile the public has the right to use it, and the plaintiff has no right to obstruct it." [Citations omitted.]

*Bushmiaer* v. *City of Little Rock, supra.*

Appellants rely on *Bank of Fayetteville* v. *Matilda's, Inc.*, 304 Ark. 518, 803 S.W.2d 549 (1991), for the rule that an easement may be lost by abandonment. But that was a private easement, not a street or alley dedicated for the use of the public. In *Drainage Dist. No. 16* v. *Holly and Roach*, 213 Ark. 889, 214 S.W.2d 224 (1948), the supreme court affirmed a chancellor's finding of fact that a flowage easement for the purpose of the construction and maintenance of a levee had been abandoned by the district. Again, we note that this case did not involve a platted and dedicated street or alley. But *Drainage Dist. No. 16* is distinguishable on another ground: There "[t]he District suffered the appellees to erect buildings of a permanent nature on the old right-of-way." In this regard the case resembles *City of Rochelle* v. *Suski*, 206 Ill. App. 3d 497, 564 N.E.2d 933 (Ill. App. Ct. 1990), also relied upon by the appellants. In that case, where a portion of Suski's trailer park encroached upon a platted street and alley, the Court said:

> Normally, nonuse by a municipality does not constitute an abandonment of a right-of-way. The exception to the above maxim arises when the nonuse is of long standing duration and, in reliance thereon, adjacent owners have made improvements of such a lasting and valuable character as to prevent the assertion by the public body to repossess itself of the road. The extent of the pecuniary loss and sacrifice to the party making the improvement must be great. Abandonment usually requires an affirmative act on the part of the municipality.

*Suski*, 564 N.E.2d at 938.

We need not decide whether a dedicated alley can ever be abandoned except by following the procedures set out by statute. Even if it were possible for the appellants to acquire title to a portion of the alley by way of abandonment, the construction in good faith of valuable improvements upon the alley would be

a prerequisite. There is no contention here that appellants made any such improvements.

For the reasons stated the decision of the trial court is affirmed.

Affirmed.

ROBBINS and ROGERS, JJ., agree.