
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-590

KENNETH BROOKS and ELLA
BROOKS
APPELLANTS

V.

TERRY ABSTRACT CO. and
CENTERPOINT ENERGY GAS
TRANSMISSION CO., LLC
APPELLEES

**Opinion Delivered** April 2, 2014

APPEAL FROM THE MISSISSIPPI
COUNTY CIRCUIT COURT,
CHICKASAWBA DISTRICT
[NO. CV-11-57]

HONORABLE PAMELA
HONEYCUTT, JUDGE

AFFIRMED

## WAYMOND M. BROWN, Judge

Appellants Kenneth and Ella Brooks appeal from the March 18, 2013 order of the
Mississippi County Circuit Court granting appellee Terry Abstract's motion for summary
judgment. Appellants also appeal the March 25, 2013 order granting appellee Centerpoint
Energy Gas Transmission's (CEGT) motion for summary judgement. The order also granted
CEGT the injunctive relief it sought against appellants.

The facts of this case are not in dispute. Appellants purchased property located at 4344
West County Road, Manila, Arkansas, from Junior and Madeline Cates on March 12, 2008.
Prior to appellants' closing on the property, John Mayes, a licensed attorney and title-
insurance agent, hired by the lender to act as the closing agent, contacted Terry Abstract to
conduct a title search and give assurances regarding clear title to the property. Terry Abstract

SLIP OPINION

delivered the results of the title search to Mayes on or before February 8, 2008. Mayes caused a title-insurance policy to issue by Old Republic, a third-party insurance agency. In July 2009, appellants built a large workshop on the property, but when they attempted to get electrical lines to the property, appellants were informed that their workshop encroached upon CEGT's easement and would need to be removed. Appellants learned that CEGT owned a right-of-way on the property pursuant to an easement filed in the office of the Circuit Clerk and Ex-officio Recorder of Mississippi County on May 13, 1965, and on July 12, 1965. The easement had allowed CEGT to own and operate an underground natural–gas pipeline beneath the property. The residence constructed in 1974 encroached upon the right-of-way. Neither Terry Abstract nor Mayes discovered CEGT's easement on the property. Appellants were able to recover $47,000 from Old Republic as a result of the failure to discover the easement.

Appellants subsequently filed a complaint against Terry Abstract and CEGT on March 11, 2011. In the complaint, appellants alleged that Terry Abstract breached its contract with appellants by failing to discover and disclose CEGT's easement on the property. According to appellants, this failure by Terry Abstract caused appellants substantial losses because appellants had made improvements to the property at a cost of $79,367. Appellants sought to quiet title against CEGT, alleging that CEGT had abandoned its easement by failing to assert its right against appellants for over thirty years. Appellants asked that CEGT be required to re-route its pipeline around appellants' property. Terry Abstract filed a motion to dismiss on May 11, 2011, asserting, among other things, failure to state facts upon which relief can

SLIP OPINION

be granted, statute of frauds, and statute of limitations. CEGT filed a counterclaim on June 1, 2011. CEGT asked the court for an injunction to remove the workshop constructed by appellants in 2009 because it was located within three feet of a high-pressure gas pipeline, preventing CEGT from properly inspecting, maintaining, and repairing the pipeline. CEGT also sought an injunction to permit it to remove vegetation and other obstructions located within the right-of-way. Additionally, CEGT asked to be awarded any damages it might incur. CEGT filed its answer on June 1, 2011, in which it asked the court to deny appellants' claim for relief and to dismiss appellants' complaint. Appellants filed their answer to CEGT's counterclaim on June 27, 2011, asking the court to deny CEGT's prayer for relief and to find that CEGT abandoned its easement. Appellants filed an amended complaint on August 3, 2011, in which they included additional facts to support their claim against Terry Abstract. They also included Mayes's affidavit as an attachment to their amended complaint. Also, on August 3, 2011, appellants filed their brief in opposition to Terry Abstract's motion to dismiss. Terry Abstract and CEGT filed their answers to appellants' amended complaint on August 4, 2011, and August 15, 2011, respectively.

CEGT filed a motion for summary judgment and a brief in support of the motion on January 20, 2012. In the motion, CEGT denied that it had abandoned its easement, and it asserted that there were no genuine issues of material fact in dispute. CEGT also asserted that it was entitled to summary judgment on its counterclaim. Affidavits from Matthew Till and Jeffrey Evers stating that CEGT had not abandoned its easement, and a statement of Kristin Bryant were exhibits to CEGT's summary-judgment motion. Appellants filed their answer

and brief in opposition of CEGT's motion on February 29, 2012. CEGT filed a reply on April 4, 2012. Appellants filed a second amended complaint on July 9, 2012, to include a claim of negligence against Terry Abstract. On the same day, appellants filed a motion for summary judgment against Terry Abstract and a brief in support of their motion. Appellants filed an amended answer to CEGT's counterclaim, a motion for summary judgment against CEGT, and a brief in support of the motion also on July 9, 2012. CEGT filed a response to appellants' summary-judgment motion on July 17, 2012. Terry Abstract filed its answer to appellants' second amended complaint on July 20, 2012. It filed its response to appellants' summary-judgment motion and brief on July 27, 2012. Appellants filed a reply to Terry Abstract's response to their summary-judgment motion on August 24, 2012. They also included a copy of the commitment form Terry Abstract provided to Mayes as an exhibit to their reply. Appellants filed a reply to CEGT's response to their summary-judgment motion on August 24, 2012, along with affidavits from Ella Brooks and Kristin Bryant. CEGT filed a motion to strike appellants' reply on August 30, 2012, due to its untimely filing.[1]

Terry Abstract filed a motion for summary judgment and brief on August 31, 2012. In the motion, Terry Abstract denied that any contract, privity, or legal duty existed between it and appellants. Alternatively, it argued that if any such contract, privity, or legal duty did exist, appellants' claims were time barred by the applicable three-year statute of limitations. Terry Abstract included the affidavit of J. Michael Terry, which stated that Terry Abstract

---

[1]Appellants filed an answer to the motion to strike on September 13, 2012. The motion was subsequently granted at the hearing on September 13, 2012.

performed a limited title search for Mayes; that it issued Search Number 0802011 on February 4, 2008, at 4:30 p.m.; that since the search was issued so late in the day of February 4, 2008, it was most likely delivered to Mayes on February 5, 2008, but no later than February 8, 2008; that there was no written or oral contract between Terry Abstract and appellants; and that he, as owner of Terry Abstract, had no knowledge of appellants' existence or identity.

The trial court held a hearing on the parties' motions on September 13, 2012. It informed the parties that it would go through and address each motion in the order they were filed. Appellants filed an answer and brief to Terry Abstract's summary-judgment motion on September 24, 2012. Appellants also filed a third amended complaint that day. In the third amended complaint, appellants included a claim of negligence that allegedly occurred on or around July 9, 2012. Appellants contended that their contract with Terry Abstract was not complete until Terry Abstract received consideration in the form of payment, which took place on or after March 12, 2008. Terry Abstract filed its answer and brief to appellants' third amended complaint on October 9, 2012. Appellants filed a reply to Terry Abstract's response to appellants' summary-judgment motion on October 15, 2012.

On February 19, 2013, the court issued a memorandum letter opinion granting appellees' motions for summary judgment against appellants. An order was entered on March 18, 2013, granting Terry Abstract's motion for summary judgment based on a finding that appellants' complaint was filed after the applicable three-year statute of limitations had run.[2]

---

[2]The court treated Terry Abstract's motion to dismiss as a motion for summary judgment since the issues were essentially the same.

This order also denied any pending motions by appellants and dismissed appellants' complaint against Terry Abstract with prejudice. On March 25, 2013, the court entered an order granting CEGT's summary-judgment motion, denying all of appellants' motions against CEGT, and dismissing appellants' complaint against CEGT with prejudice. The order also granted CEGT the injunctive relief it sought in its counterclaim against appellants. Appellants filed a notice of appeal on April 5, 2013. This timely appeal followed.

Appellants argue that the trial court erred in granting summary judgment in favor of appellees because (1) Terry Abstract had a written contract with appellants, subject to the five-year statute of limitations instead of the three-year limitations period the court relied on; (2) even if the contract between Terry Abstract and appellants was not a written contract, the limitations period did not begin to run before March 12, 2011; (3) appellants showed that CEGT abandoned the easement; and (4) appellants were not required to prove non-use as held by the trial court.

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law.[3] Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.[4] On appeal from the grant of summary judgment, we determine if there are genuine issues of

---

[3]*Nationwide Mut. Fire Ins. Co. v. Citizens Bank & Trust Co.*, 2014 Ark. 20, ____ S.W.3d ____.

[4]*Holt Bonding Co. v. First Fed. Bank*, 82 Ark. App. 8, 110 S.W.3d 298 (2003).

material fact in dispute by viewing the evidence in the light most favorable to the party resisting the motion and resolving any doubts and inferences against the moving party.[5] As to the issues of law presented, our review is de novo.[6]

Appellants contend that their claim against Terry Abstract was contractual in nature. Appellee Terry Abstract concedes that an abstracter's liability is contractual. However, Terry Abstract contended in its brief that no contract, written, expressed, or implied existed between it and appellants. However, during oral argument, Terry Abstract conceded that there was an implied contract between the parties. Regarding limitations on actions, the Arkansas Code provides that "[a]ll actions founded upon any contract, obligation, or liability not under seal and not in writing" shall be commenced within three years after the cause of action accrues.[7] It further provides that "[a]ctions to enforce written obligations, duties, or rights . . . shall be commenced within five (5) years after the cause of action shall accrue."[8] A claim arises when the abstract is compiled and delivered and not when the error is discovered.[9]

---

[5]*Nationwide Mut. Fire Ins. Co.*, *supra*.

[6]*Id.*

[7]Ark. Code Ann. § 16-56-105 (Repl. 2005).

[8]Ark. Code Ann. § 16-56-111 (Repl. 2005).

[9]*St. Paul Fire & Marine Ins. Co. v. Crittenden Abstract & Title Co.*, 255 Ark. 706, 502 S.W.2d 100 (1973).

SLIP OPINION

Here, there was no abstract compiled and delivered, but there was a title search completed and delivered to Mayes.[10] The court found this to be sufficient to create an implied or expressed contract between the parties.[11] An implied or express contract has only a three-year statute of limitation and the claim arises at the time the document is compiled and delivered. Mayes contacted Terry Abstract for a title search and the search was issued on February 4, 2008. However, it was not delivered that day due to it being completed late in the day, but it was delivered to Mayes no later than February 8, 2008. Appellants argue that the title search performed by Terry Abstract was a written contract covered by a five-year limitations period. Terry Abstract disagrees, stating that at most, it had an implied contract with appellants, which fell under the three-year limitations period for unwritten contracts. We agree with Terry Abstract that appellants had three years from February 8, 2008, to initiate a suit against Terry Abstract. Appellants did not file a complaint against Terry Abstract until March 11, 2011, over a month after the limitations period had run. Therefore, the court was correct in granting Terry Abstract's summary judgment based on the running of the statute of limitation.

Appellants argue that even if the three-year statute of limitation was applicable to its claims against Terry Abstract, the claims did not arise until appellants closed on the house on March 12, 2008. Appellants are mistaken. Appellants' claims against Terry Abstract arose at

---

[10]We find this situation analogous to the cases in which there was an abstract involved.

[11]Terry Abstract did not appeal this finding, and it conceded that there was an implied contract between the parties during oral argument.

the time Terry Abstract completed the title search and delivered its findings to Mayes. Terry Abstract presented proof that February 8, 2008, was the latest date that it would have delivered the title search to Mayes. Therefore, the three-year limitations period began to run at the latest on February 8, 2008, not March 12, 2008, as appellants suggest. Accordingly, the grant of summary judgment was appropriate in this case.

Appellants also argue in their brief that the commitment supplied by Terry Abstract fell within the statute of frauds. This argument appears to have been abandoned during oral argument. However, even if it was not abandoned, it is not preserved for appeal. Appellants specifically argued at the hearing held on September 13, 2012, that the commitment did not fall within the statute of frauds. They further argued that even if the statute of frauds was applicable, part performance, in the form of payment by appellants, took everything out of the statute of frauds. In Arkansas, it is a well-settled rule that issues not raised or ruled on in the circuit court will not be considered for the first time on appeal.[12]

As to appellee CEGT, appellants argue that the trial court erred in finding that CEGT had not abandoned its easement. Appellants also contend that the court erred in holding that appellants needed to prove non-use in order to prove abandonment.[13] The courts of this state recognize the rule that an easement may be lost by abandonment.[14] Abandonment in this context means "[t]o relinquish or give up with the intent of never again resuming or claiming

---

[12]*Harbur v. O'Neal*, 2014 Ark. App. 119, _____ S.W.3d _____.

[13]There is no indication that the trial court made this finding.

[14]*Bank of Fayetteville v. Matilda's, Inc.*, 304 Ark. 518, 803 S.W.2d 549 (1991); *Goodwin v. Lofton*, 10 Ark. App. 205, 662 S.W.2d 215 (1984).

one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in."[15] The party asserting abandonment has the burden of proving it by clear, unequivocal, and decisive evidence.[16] An easement will be held to be abandoned when the intention to abandon and the acts by which such intention is carried into effect clearly indicate such abandonment.[17] Abandonment of an easement will be presumed where the owner of the right does or permits to be done any act inconsistent with its future enjoyment.[18] Whether abandonment occurred depends on the particular circumstances of the case.[19]

Appellants contend that since CEGT had allowed buildings (residence built in 1974 obstructing a portion of CEGT's easement) and trees to be on its easement without objection, CEGT had essentially abandoned the easement. CEGT argues that it had not abandoned the easement. It asserts that it has continuously operated a natural-gas pipeline on the easement for over forty years. In its motion for summary judgment, CEGT presented the affidavits of two workers with knowledge of the natural-gas pipeline under appellants' property and both denied that CEGT had abandoned the easement. Matthew Till stated that shortly after CEGT learned of appellants' workshop encroaching on its right-of-way, it made a demand

---

[15]*Hendrix v. Hendrix*, 256 Ark. 289, 293, 506 S.W.2d 848, 851 (1974).

[16]*Id.*

[17]*Drainage Dist. No. 16 v. Holly*, 213 Ark. 889, 214 S.W.2d 224 (1948).

[18]*Id.*

[19]*Ark. State Highway Comm'n v. Hampton*, 244 Ark. 49, 423 S.W.2d 567 (1968); *Goodwin v. Lofton, supra.*



for appellants to remove the workshop. This action is inconsistent with abandonment. Therefore, the trial court did not err in granting CEGT summary judgment.

Affirmed.

HARRISON and HIXSON, JJ., agree.


*The Henry Firm, P.A.*, by: *Matthew M. Henry*, for appellants.

*Jack Nelson Jones & Bryant, P.A.*, by: *Don Eilbott* and *Jessalynn M. Born*; and *Dover, Dixon, Horne, PLLC*, by: *William Michael Reif* and *William C. Bird III*, for appellees.