## KATE BUFORD (DEARING) ET AL v. EVIA LEE DEARING, CALVIN DEARING, AND VERA DEARING

73-143                                      500 S.W. 2d 931

### Opinion delivered November 19, 1973

Shaver & Shaver, for appellants.

Giles Dearing, for appellees.

FRANK HOLT, Justice. Appellants, the widow and heirs of Buford Dearing, brought this declaratory judgment action based on their contention that the written provision in a deed created a life estate in Evia Lee Dearing with a remainder interest which vested in Buford Dearing at the time the deed was executed. The cause was submitted upon the complaint, the answer, a stipulation of facts, and a deposition together with the briefs of the parties. The chancellor denied appellants' contention and dismissed the cause for want of equity. Appellants contend on appeal that it was the intention of B. F. Dearing to convey to Evia Lee Dearing a life-estate in the 40 acres of land involved in this suit and a vested remainder in fee to Buford Dearing when he inserted a written provision in the deed:

In 1937, B. F. Dearing, now deceased, executed a printed form warranty deed conveying the land in question to his daughter. The granting clause of the deed conveyed a fee simple title to her. It read:

That I, B. F. Dearing, for and in consideration of One and 00/100 hereby Grant, Bargain, Sell and Convey unto the said Evia Lee Dearing and unto her heirs and assigns forever, the following lands . . . .

The description clause was followed by this provision which was handwritten by someone for the grantor:

This is my will, and the herein described land is to be conveyed to my son, Buford Dearing, at the death of Evia Lee Dearing.

The habendum clause warranted a fee simple title as to the grantee. The grantor, being unable to write, affixed his signature by his mark (x), which was witnessed by a Mrs. Horton.

Buford Dearing died intestate in August, 1968. In December, 1968, Evia Lee Dearing conveyed the property by warranty deed to appellees, Calvin and Vera Dearing.

We recognize that we give primary consideration to the intent of the grantor in interpreting written instruments. *Aluminum Co. of America* v. *Lipke,* 230 Ark. 72, 320 S.W. 2d 751 (1959), *Carter Oil Co.* v. *Weil,* 209 Ark. 653, 192 S.W. 2d 215 (1946), *Wallace* v. *Wallace,* 179 Ark. 30, 13 S.W. 2d 810 (1929). We also recognize that a preference is given to the written over the printed provisions of a deed when in conflict. *Lawless* v. *Caddo River Lumber Co.,* 145 Ark. 132, 223 S.W. 395 (1920).

However, in the instant case, we need not necessarily venture into the realm of the grantor's intent. The written provision in the deed purports to be a will. The writing obviously cannot function as a will since it is improperly witnessed. *Graves* v. *Bowles,* 193 Ark. 546, 101 S.W. 2d 176 (1937). The defective testamentary provision, which is ambiguous and not a clear limitation, should not be construed as part of the deed. The written provision is void since it is repugnant to the deed which clearly conveyed a fee simple title. The language is surplusage and merely a legally ineffective wish. Therefore, Evia Lee's fee simple title was unaltered by the written provision and consequently her conveyance to

540

Calvin and Vera Dearing by warranty deed properly conveyed to them a fee simple title.

Affirmed.