Ann Marie BENNETT, Avis WALKER,
Linda HAMPTON, James Paul ROGERS,
William Clyde ROGERS & Letha ROGERS
*v.* Ewell HENDERSON et al

83-225                                              663 S.W.2d 180

Supreme Court of Arkansas
Opinion delivered January 23, 1984

*James R. Pate,* for appellants.

*J. H. Evans,* for appellees Ewell Henderson and Anna Laura Henderson.

JOHN I. PURTLE, Justice. A petition for declaratory judgment was granted by the chancellor. The decree held that the handwritten words on the margins of several deeds were ineffective for the purpose of severing mineral rights from the land. No testimony was taken by the court. On appeal it is argued that the court erred in refusing to take oral testimony and that the handwriting on the deeds constituted reservations of mineral rights. We cannot agree with either argument.

In 1937, W. S. Rogers deeded property to three of his children and the widow of a deceased son. Four separate deeds were executed and delivered. The deeds were standard form warranty deeds granting estates in fee except for reservations of life estates in the grantor. In the left hand margin of each deed Rogers wrote: "Each heir shall share equally in the underground minerals." The questions before the court are whether the handwritten words created separate estates and whether the chancellor erred in refusing to hear oral testimony relating to the intent of the decedent. If the writing in the margins of the deeds reserved the mineral rights to W. S. Rogers, the rights would be owned by his heirs because he died intestate. If the writings were attempted wills, they are obviously ineffective because of lack of witnesses.

In interpreting a deed we give primary consideration to the intent of the grantor. *Buford* v. *Dearing,* 255 Ark. 538, 500 S.W.2d 931 (1973). The intention of the grantor is ordinarily gathered from the language of the entire deed.

*Gibson* v. *Pickett,* 256 Ark. 1035, 512 S.W.2d 532 (1974); *Carter Oil Co.* v. *Weil,* 209 Ark. 653, 192 S.W.2d 215 (1946). We resort to rules of property or rules of construction only when the language of the instrument is ambiguous, uncertain or doubtful. *Barnes* v. *Barnes,* 275 Ark. 117, 627 S.W.2d 552 (1982). In such case the instrument is construed against the party who prepared it. *Gibson, supra.* The courts should strive to harmonize all parts of a deed. *Wynn v. Sklar & Phillips Oil Co.,* 254 Ark. 332, 493 S.W.2d 439 (1973). If clauses in a deed are irreconcilable, the courts will construe that part of the deed to precede which ought to take precedence. *Carter Oil Co.* v. *Weil, supra.*

We had a very similar factual situation in *Buford* v. *Dearing, supra.* The deed in *Buford* was a fee simple warranty; however, the grantor inserted, after the description, his handwritten notation: "This is my will, and the herein described land is to be conveyed to my son, Buford Dearing, at the death of Evia Lee Dearing." We held that the handwritten note was repugnant to the deed which clearly conveyed a fee simple title. The note, an ineffective attempt to make a will, was surplusage and expressed an ineffective wish.

In the case before us it is clear that the deeds, without the marginal notations, conveyed a fee simple to each grantee. Without the disputed clause the intention of the grantor is very obvious. Each grantee took the mineral rights along with the land.

One of the grantees in the original deeds was not an heir of the grantor. Therefore, the notation could not have included her as an heir of the grantor. It is possible the grantor intended to reserve the minerals for his grandchildren, the children of each grantee. We do not know what was in his mind but it is not necessary to determine his intent as it related to this clause because any meaning inconsistent with granting a fee simple interest would be repugnant to the deed itself. We think the chancellor correctly refused to hear testimony concerning the intent of the grantor. Giving the deed in chief its obvious and clear interpretation there is no need to hear parol evidence. The deed is not at all

ambiguous. It needs no construction. Whether the marginal notations are attempted wills or something else, they are mere surplusage. We need not define the intention of the grantor when there is no reasonable basis for questioning the words of the deed. *Buford* v. *Dearing, supra.*

Affirmed.