Wayne RIFFLE and Charles Mitchell, a/k/a M.R. Properties, a Partnership *v.* George G. WORTHEN, William B. Worthen, Mary Fletcher Worthen, Renee B. Fletcher, as Executor of the Estate of Thomas B. Fletcher, Deceased, Renee B. Fletcher, Evan M. Fletcher, Heidi F. Nichols, and John Does 1-10

95-1239                                        939 S.W.2d 294

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*Arnold, Grobmyer & Haley*, by: *Robert R. Ross*, for appellants.

*Wright & Bonds*, by: *Edward L. Wright*, for appellees.

DONALD L. CORBIN, Justice. Appellants, Wayne Riffle and Charles Mitchell, a/k/a M. R. Properties, a partnership, appeal the decree of the Pulaski County Chancery Court declaring that they were not entitled to an appurtenant easement or an easement of necessity over land adjoining their land and owned by Appellees, George C. Worthen, William B. Worthen, Mary Fletcher Worthen, Renee B. Fletcher individually and as executor of the estate of Thomas B. Fletcher, Evan M. Fletcher, Heidi F. Nichols, and John Does 1-10. The court of appeals certified this case to us as one involving the construction of a deed. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(16) and (d) (as amended by *per curiam* order July 15, 1996). We find no merit and affirm.

Appellants own approximately 270 acres of real property in Pulaski County bordering the Arkansas River south of the David D. Terry Dam. It is not disputed that the only public access to Appellants' land is through the Arkansas River. Appellees own approximately 2,400 acres of real property, which they commonly refer to as the Fletcher Farm. The Fletcher Farm is contiguous to Appellants' property with Appellants' property lying on the southern boundary of the Fletcher Farm. Appellants filed this suit for declaratory and injunctive relief alleging they were entitled to an appurtenant easement or alternatively an easement of necessity

over the Fletcher Farm. Appellants claimed that roadways existed on the Fletcher Farm that would provide access to their land without further action on Appellees' or Appellants' part and without any further burden to Fletcher Farm. Appellants further requested that Appellees be enjoined from interfering with their right of access to their land.

After a bench trial, the chancellor found that the deed in which Appellants claimed they were granted an appurtenant easement only granted an easement that was personal to the grantees therein and thus ruled that Appellants were not entitled to an appurtenant easement. The chancellor also found that there was no unity of title to the two tracts of land and therefore ruled Appellants were not entitled to an easement of necessity. The chancellor entered a decree consistent with these rulings. This appeal followed.

Appellants' first point for reversal is a challenge to the chancellor's ruling that they did not have an appurtenant easement. Appellants rely on a quitclaim deed dated June 4, 1971, as the source of their alleged appurtenant easement. The quitclaim deed states in pertinent part:

### QUITCLAIM DEED
*Preamble*

. . . .

The Grantors and Grantees herein are relatives and wish by an exchange of conveyances to establish amicably and with certainty the lands each owns . . . and to relocate a portion of the boundary between their respective properties for purposes of convenience. Now, Therefore, KNOW ALL MEN BY THESE PRESENTS:

THAT We, Mary Fletcher Worthen, a married woman conveying in my own right, and Thomas Fletcher, Jr. and Renee B. Fletcher, his wife, Grantors, for and in consideration of the sum of $1.00 and other good and valuable consideration in hand paid by the Grantees, the receipt of which is hereby acknowledged, do hereby grant, convey, sell and quitclaim unto Albert L. Fletcher, Helen Frame Kilgallon and Marie Frame Van Alen, Grantees, and unto their heirs and assigns forever, all our right, title, interest

and claim in and to the following lands lying in Pulaski County, Arkansas, to-wit:

The SW¼ of the SW¼ and the W½ of the SE¼ of the SW¼ of Section 13;

The S½ of the SE¼ of Section 14 except the North 330 feet thereof;

The NE¼ of Section 23; and

The N½ of the SW¼ and the NW¼ of Section 24 except the North 1076 feet of the E½ of the NE¼ of the NW¼ of said section,

All of said lands lying in Township 1 South, Range 11 West.

. . . .

After this conveyance, the Grantors and the Grantees will have a common East/West boundary line in the SE¼ of the aforesaid Section 14, 330 feet South of the North line of the S½ of the SE¼ of the section. The Arkansas River is the West boundary of the Grantors' and Grantees' lands at the common boundary line. . . . [T]he Grantors covenant that if their lands are added to by accretion or avulsion and thereby extend South of the present common boundary line if extended Westward, the present common boundary as so extended shall remain the East/ West boundary between the lands of the Grantors and Grantees, and Grantors shall not claim land South of the boundary. This shall be a covenant to run with the land and against the Grantors, their heirs or assigns, as owners of the lands North of the afore-said common boundary.

The Grantors own certain lands which lie between the lands herein conveyed and a public roadway known as Steele Bend Road. Therefore, by this instrument, the Grantors also convey to the Grantees the right of ingress to and egress from said public road across the Grantors' intervening lands. Said right may be exercised along any roadway existing on the Grantors' lands from time to time and/or along field boundaries, but if the Grantees establish a roadway along field boundaries, they may not in so doing damage or destroy crops or timber without making just compensation for the damage done. Provided, however, if a public road is ever established upon or abutting the lands herein conveyed by the Grantors, the rights given to the Grantees by this paragraph shall terminate.

Appellants purchased their land from two of the three grantees in the quitclaim deed, Helen Kilgallon and Marie Stagmer, formerly Marie Van Alen. The Grantors in the quitclaim deed are Appellees' predecessors in title.

Appellants contend that the language of the quitclaim deed clearly and unambiguously creates a dominant and servient tenement in that the lands of the Grantors are burdened with providing access to the Grantees' lands until such time as a public road is established upon or abutting the lands conveyed in the deed. Appellees respond that the quitclaim deed does not grant an easement that runs with the land, but rather grants a right of ingress and egress that was personal to the Grantees thereof. As did the chancellor, we agree with Appellees.

Appurtenant easements run with the land and easements in gross are personal to the grantors. *Wilson v. Brown*, 320 Ark. 240, 897 S.W.2d 546 (1995). An appurtenant easement serves a parcel of land known as the dominant tenement, while the parcel of land on which the easement is imposed is known as the servient tenement. *Id.* An easement in gross does not have a servient tenement because it benefits a person or an entity, not the land. *Id.*

Because the deed in question does not specify whether the right of ingress and egress is appurtenant or in gross, we must interpret the deed. When interpreting a deed, we give primary consideration to the intent of the grantor. *Id.* The grantor's intent should be determined solely from the language of the deed unless the language of the deed is ambiguous, uncertain, or doubtful. *Id.*

The language of the quitclaim deed is clear and unambiguous. The deed states that "Grantors also convey to the Grantees the right of ingress to and egress from said public road across the Grantors' intervening lands." However, in the actual conveyance of the land, the deed states "Grantors . . . do hereby grant, convey, sell and quitclaim unto . . . Grantees, and unto their heirs and assigns forever, all our right, title, interest and claim in and to the following lands lying in Pulaski County, Arkansas[.]" The use of the words "heirs and assigns forever" in the conveyance of

the actual land coupled with the absence of similar words of reservation in the conveyance of the right of ingress and egress indicates that the intent of the grantors was to convey a personal right of access or an easement in gross.

Such an intent is further evidenced by the language in the deed as to the purpose of the deed: "The Grantors and Grantees herein are relatives and wish by an exchange of conveyances to establish amicably and with certainty the lands each owns . . . and to relocate a portion of the boundary between their respective properties for purposes of convenience." It is clear that the deed was an attempt to settle a boundary dispute between relatives, thus it follows that the corresponding conveyance of the right of ingress and egress was intended for the personal use and benefit of the grantees. Accordingly, we cannot say the chancellor erred in ruling that the deed did not establish an appurtenant easement to Appellants' land.

Appellants argue, for the first time on appeal, that the declaration that they do not have an appurtenant easement amounts to a restraint on alienation. They contend that their property is not marketable if it is accessible only by the Arkansas River and not by roadway. The record does not reveal that this argument was raised below, that there was any evidence presented on the issue of lack of marketability, or that the trial court made a ruling in this regard. Consequently, we do not address this argument.

As their second point for reversal, Appellants contend the chancellor erred in ruling they did not have an easement of necessity. The chancellor based her ruling on the fact that the requirement of unity of title was not satisfied. The chancellor stated from the bench:

> I believe the tract that is Fletcher Farm, or a part of Fletcher Farm, in fact was owned by the same person who is the predecessor in title of [Appellees], but owned jointly. That the person who is the predecessor in title to [Appellants] never in his own right held title to Fletcher Farm property. He and his brother owned it jointly and then later conveyed it to this brother who held it individually. But at no time was H. L. Fletcher ever the owner of Fletcher Farm property. H. L. Fletcher and John

Fletcher owned it jointly. H. L. subsequently conveyed it to John and then H. L: is the predecessor in title to [Appellants].

The accuracy of the chancellor's statement is confirmed by the preamble to the quitclaim deed. There is simply no evidence in this record to establish that the two tracts of land at issue were ever under common ownership. It is true that the record does establish that Appellees' land was once owned jointly by two brothers, H.L. Fletcher and John Fletcher, and that Appellants' land was once owned by H.L. Fletcher. But there is simply no evidence that unity of title exists in the sense that these two parcels of land were at some point one parcel.

The person who asserts an easement has the burden of proving the existence of the easement. *Kennedy v. Papp*, 294 Ark. 88, 741 S.W.2d 625 (1987). It is well settled that:

> "A way of necessity can only be raised out of land granted or reserved by the grantor, but not out of land of a stranger, for, if one owns land to which he has no access except over the lands of a stranger, he has not thereby any right to go across these for the purpose of reaching his own."

*Boullioun v. Constantine*, 186 Ark. 625, 628, 54 S.W.2d 986, 987 (1932) (quoting Washburn's Treatise on Real Property). Thus, to establish an easement of necessity, Appellants had the burden of proving unity of title in the sense that the same person or entity once held title to both tracts, that the unity of title was severed by a conveyance of one of the tracts, and that the easement is necessary so that the owner of the dominant tenement may use his land, with the necessity existing both at the time of the severance of title and at the time the easement is exercised. *Powell v. Miller*, 30 Ark. App. 157, 785 S.W.2d 37 (1990) (citing *Burdess v. United States*, 553 F. Supp. 646 (E.D. 1982)). The degree of necessity must be more than mere convenience. *Brandenburg v. Brooks*, 264 Ark. 939, 576 S.W.2d 196 (1979). When a parcel of land is accessible by a navigable body of water but not by road and motor vehicle, the accessibility via the water does not defeat a showing of necessity. *See Attaway v. Davis*, 288 Ark. 478, 707 S.W.2d 302 (1986) (discussing establishment of necessity for a private road in Ark. Code Ann. § 27-66-401 (Repl. 1994)).

■ Here, Appellants did not meet their burden of proving unity of title. The evidence in this record falls short of establishing that the two tracts of land were once held under the same title and were subsequently severed into the current two tracts. The joint ownership of one of the two tracts of land does not meet this requirement. *United States v. Thompson*, 272 F. Supp. 774, 785 (E.D. Ark. 1967); *see* Charles C. Marvel, Annotation, *Unity of Title for Easement by Implication*, 94 A.L.R.3d 502, §§ 4 and 10 (1979 & Supp. 1996). In addition, the joint ownership of one of the two tracts does not establish that either of the tracts was ever burdened as a servient estate. Consequently, Appellants are strangers to the title of Appellees' land and therefore cannot raise an easement of necessity. *Hoover v. Smith*, 248 Ark. 443, 451 S.W.2d 877 (1970); *Craig v. O'Bryan*, 227 Ark. 681, 301 S.W.2d 18 (1957); *Mettetal v. Stane*, 216 Ark. 836, 227 S.W.2d 636 (1950); *Messer v. Houston*, 212 Ark. 349, 205 S.W.2d 467 (1947). We find no error in the chancellor's ruling in this regard.

We find no error in the chancellor's decree and affirm.

Special Justices FRANK H. BAILEY and J.W. GREEN, Jr. join in this opinion.

GLAZE and BROWN, JJ., not participating.