Doyce WINNINGHAM, *et al. v.* Tim HARRIS and
Kelly Harris

CA 98–239                                        981 S.W.2d 540

Court of Appeals of Arkansas
Division II
Opinion delivered December 16, 1998

*Joe Don Winningham*, for appellants.

*Henry & Henry*, by: *Clifford J. Henry*, for appellees.

SAM BIRD, Judge. In September 1988, appellees Tim and Kelly Harris purchased 160 acres in Conway County from appellants Doyce and Peggye Winningham, who retained an adjacent tract of land. As part of the transaction, appellees gave the Winninghams a recorded easement, which provided:

> THAT TIM HARRIS AND KELLY HARRIS, HUS-
> BAND AND WIFE, for good and valuable considerations
> receipt of which is hereby acknowledged does [sic] grant, to
> DOYCE WINNINGHAM AND PEGGYE WINNINGHAM,
> husband and wife the right to enter upon said lands of TIM
> HARRIS AND KELLY HARRIS, husband and wife situated in
> Conway County, Arkansas, to-wit:

A right of way over and across the North 30 feet of the SW1/4 of Section 4, Township 8 North, Range 15 West described as beginning at the Northwest corner of said SW1/4 and run along the North line of said SW1/4 to the Northeast Corner of said SW1/4. This 30 foot right of way to be used for road purposes.

TIM HARRIS AND KELLY HARRIS, Husband and wife covenants [sic] that they are the owners of the above described lands and there are no restrictions or impediments to its grant of the right of way easement contained herein.

That DOYCE WINNINGHAM AND PEGGYE WIN- NINGHAM, Husband and wife their heirs and assigns forever shall hold harmless TIM HARRIS AND KELLY HARRIS, their heirs and assigns against loss, damage or injury resulting from the use of the above described right of way easement and the rights granted herein.

DOYCE WINNINGHAM AND PEGGYE WINNING- HAM, Husband and wife by accepting the right of way ease- ment, does [sic] for themselves, their successors and assigns hereby agree that in the event that it shall abandon or terminate its use of the right of way easement granted hereby or use for purposes other than such grant, that the right of way easement granted hereby and any and all rights appurtenant thereto shall thereupon terminate and revert to TIM HARRIS AND KELLY HARRIS, Husband and wife.

In June 1997, Doyce and Peggye Winningham sold the prop- erty adjacent to appellees to appellants Denny Lee and Rebecca Winningham. After appellees refused to permit Denny Lee and Rebecca Winningham to make improvements to the easement, appellants filed this action in the Conway County Chancery Court, seeking a declaration that the easement given to Doyce and Peggye Winningham was appurtenant to the land and therefore transferrable to their successors in title.

At trial, appellees argued that the easement could not be con- veyed because it was an "easement in gross" and, therefore, per- sonal to Doyce and Peggye Winningham. The chancellor found the easement to be ambiguous and permitted the introduction of extrinsic evidence to establish its meaning.

Doyce Winningham testified that he had intended to be able to transfer the easement whenever he sold the property. He admitted that he had caused the easement to be prepared and that he was experienced in real estate deals. Denny Lee Winningham testified that he would not have agreed to purchase the property if he had not believed that he could use the easement across appellees' property. Tim Harris testified that they had granted the easement to the Winninghams for their personal convenience and had not intended to convey any rights to any subsequent owners of Doyce and Peggye Winningham's property.

The chancellor found the easement to be in gross and personal to Doyce and Peggy Winningham and that it did not, therefore, pass with the land. On appeal, appellants argue that the chancellor's finding of an easement in gross is erroneous.

■ ■ An appurtenant easement runs with the land and serves a parcel of land known as the dominant tenement, while the parcel of land on which the easement is imposed is known as the servient tenement. *Riffle v. Worthen*, 327 Ark. 470, 939 S.W.2d 294 (1997). An easement in gross, however, is personal to the parties; it does not have a dominant tenement because it benefits a person or an entity, and not the land. *Wilson v. Brown*, 320 Ark. 240, 897 S.W.2d 546 (1995); *Merriman v. Yutterman*, 291 Ark. 207, 723 S.W.2d 823 (1987). When an easement is annexed as an appurtenance to land, whether by express or implied grant or reservation, or by prescription, it passes with a transfer of the land, even though it may not be specifically mentioned in the instrument of transfer. *Carver v. Jones*, 28 Ark. App. 288, 773 S.W.2d 842 (1989); *Wallner v. Johnson*, 21 Ark. App. 124, 730 S.W.2d 253 (1987). An appurtenant easement is incapable of existence separate and apart from the particular land to which it is annexed. *Carver v. Jones, supra.*

■ ■ Interpretation of a deed is required if it does not specify whether an easement is appurtenant or in gross. *Riffle v. Worthen, supra.* When interpreting a deed, the court gives primary consideration to the intent of the grantor. *Id.; Sides v. Beene*, 327 Ark. 401, 938 S.W.2d 840 (1997); *Wilson v. Brown, supra.* When the court is called upon to construe a deed, we will examine the

deed from its four corners for the purpose of ascertaining that intent from the language employed. *Webber v. Webber*, 331 Ark. 395, 962 S.W.2d 345 (1998). The court will not resort to rules of construction when a deed is clear and contains no ambiguities, *Barnes v. Barnes*, 275 Ark. 117, 627 S.W.2d 552 (1982), but only when the language of the deed is ambiguous, uncertain, or doubtful. *Bennett v. Henderson*, 281 Ark. 222, 663 S.W.2d 180 (1984). When a deed is ambiguous, the court must put itself as nearly as possible in the position of the parties to the deed, particularly the grantor, and interpret the language in the light of attendant circumstances. *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974). The determination of the intent of a grantor is largely a factual one, and the appellate court will not reverse a chancellor's determination of a factual matter unless it is shown to be clearly erroneous or clearly against the preponderance of the evidence. *Wylie v. Tull*, 298 Ark. 511, 769 S.W.2d 409 (1989).

■ The distinction between appurtenant easements and easements in gross normally depends upon the unique facts of each individual case. In *Rose Lawn Cemetery Ass'n, Inc. v. Scott*, 229 Ark. 639, 642, 317 S.W.2d 265, 267 (1958), the grantor conveyed his interest in property "EXCEPT a strip of land 25 feet wide . . . which is reserved as a roadway for use of the parties hereto." The supreme court held that the language created an easement in gross that was personal to the parties.

In *Merriman v. Yutterman, supra*, the supreme court held that "[T]he forty (40) foot driveway from Free Ferry Road, three hundred (300) feet Northward, shall be kept open for the common use of the devisees in this will" created an easement that was personal to the parties; it did not run with the land.

In *Wilson v. Brown*, the statement, "Grantor reserves unto himself a parking and driveway easement," was held to create an easement that was appurtenant to the land. The court stated: "It stands to reason . . . that a development company would reserve the easement to run with the restaurant property so as to enhance its marketability. Indeed, it is illogical, as the chancellor concluded, to think that a development company was interested in an easement solely for personal use." 320 Ark. at 245, 897 S.W.2d at

548. In *Fort Smith Gas Co. v. Gean*, 186 Ark. 573, 55 S.W.2d 63 (1932), and *Field v. Morris*, 88 Ark. 148, 114 S.W. 206 (1908), the supreme court held that easements limited to certain individuals were easements in gross.

In the instant case, the chancellor explained his reasoning:

> After carefully reviewing the Post-Trial Briefs filed by the parties' respective attorneys and having researched the issue of whether the easement in question is appurtenant or in gross, and based primarily upon the decision of the Arkansas Supreme Court in *Riffle v. Worthen*, 327 Ark. 470, 939 S.W.2d 294 (1997), due to the lack of words of inheritance in the granting clause of the Easement Document, the Court finds that an easement in gross was created and thus did not run with the land in the conveyance from Doyce and Peggye Winningham to Denny Lee and Rebecca Winningham. The use [of] the term "heirs and assigns" in the third paragraph of the Easement Document pertains to holding harmless the grantors against loss, damage or injury resulting from the use of the subject right of way and extends the liability of the grantees to their heirs and assigns. Likewise, the fourth paragraph of the Easement Document regarding the termination of the easement, merely extends the agreement regarding termination or abandonment to grantees, heirs and assigns.

In *Riffle v. Worthen, supra*, the Arkansas Supreme Court noted that the language of a quitclaim deed was clear and unambiguous when it stated, "Grantors also convey to the Grantees the right of ingress to and egress from said public road across the Grantors' intervening lands." However, the actual conveyance of the land stated, "Grantors . . . do hereby grant, convey, sell and quitclaim unto . . . Grantees, and unto their heirs and assigns forever, all our right, title, interest and claim in and to the following lands lying in Pulaski County, Arkansas[.]" The Arkansas Supreme Court held that the use of the words "heirs and assigns forever" included in the granting clause of the conveyance of the land but absent in the clause conveying the easement indicated that the intent of the grantors was to convey only a personal right of access or an easement in gross.

■ In the instant case, the clause granting the easement across the Harris property contains the words "grant, to DOYCE WINNINGHAM AND PEGGYE WINNINGHAM, husband and wife the right to enter upon said lands . . . ." However, clauses later in the easement specifically name "DOYCE WINNINGHAM AND PEGGYE WINNINGHAM, Husband and wife their heirs and assigns forever . . . ." and "DOYCE WINNINGHAM AND PEGGYE WINNINGHAM, Husband and Wife . . . does for themselves, their successors and assigns hereby agree . . . ." Because these words of inheritance are included in some of the subsequent clauses in the easement but are missing in the actual granting clause indicates that the easement was intended to be personal to Doyce and Peggye Winningham. Thus, we find that the chancellor's decision is not clearly erroneous or clearly against the preponderance of the evidence, and we affirm the decision that the easement at issue is an easement in gross.

Affirmed.

PITTMAN and GRIFFEN, JJ., agree.