Viola WILSON *v.* Fremont JOHNSTON and Altha Johnston

CA 98-1015                                        990 S.W.2d 554

Court of Appeals of Arkansas
Division I
Opinion delivered April 28, 1999

194

*Pike & Bliss*, by: *George E. Pike, Jr.*, and *Deborah Pike Bliss*, for appellant.

*Appellees*, pro se.

MARGARET MEADS, Judge. This case involves a dispute over a private-way easement. On May 8, 1963, the John Matthews Company filed of record in Pulaski County, Arkansas, a replat of Lot 16, Block 49, Lakewood, dividing it into Lots 16 and 17, and a plat and bill of assurance of Lot 17, Block 49, Lakewood that contained the following language:

> Grantor herein, its successors and assigns, reserves a private way over and across the extreme northwest portion of Lot 17, Block 49, LAKEWOOD, which private way is more particularly described as, having a frontage of 29 feet, more or less, on the southeast line of Shore Point Road, extending from Shore Point Road easterly 16.5 feet along the south line of said Lot 5, Block 50, thence southerly 56.2 feet across the west part of said Lot 17, Block 49, to the northeast corner of said Lot 16, Block 49,

> thence northwesterly 55 feet along the northeast line of said Lot 16, Block 49, to Shore Point Road, all as shown on said attached plat, which private way, being a part of said Lot 17, Block 49, LAKEWOOD, shall be forever appurtenant to and may be used as a private way or private road exclusively by the owners of said Lots 16 and/or 17, Block 49, LAKEWOOD, their heirs, successors and assigns forever.

Appellant, Viola Wilson, purchased Lot 16 in 1964 and used part of the common private way to construct a concrete driveway. Several years later, appellees, Fremont and Altha Johnston, purchased Lot 17 and, in constructing their own driveway, added on to the existing concrete drive appellant had built in the private way. A strip of land included in the private way, roughly ten feet wide and thirty feet long, was not paved and remains in its natural state. This strip of land (the "property") is the focus of appellant's lawsuit.

Over the years, appellant used the property to gain access to her backyard for various tasks such as moving sod and firewood to the backyard, delivering lumber for a shed, servicing the air conditioner, and bringing her riding lawn mower to the front yard. Appellees occasionally objected to such use and had asked that parked vehicles be moved off the property. Due to the ruts caused by service trucks and the frequent muddy condition of the property, appellant decided that she would pave the property. However, because appellees objected to her use of the property and to the paving, appellant filed a complaint for declaratory judgment and injunction in Pulaski County Chancery Court to determine her rights with regard to the property. She also requested that she be allowed to pave the remaining portion of the private way and to extend the privacy fence already in existence on her property.

After a hearing, the chancellor determined that although both parties used the property for driveways to their respective homes, for thirty-one years the property had been maintained as a "buffer," and appellant could not utilize the property for anything other than a "buffer." Appellant's requests to pave the property and to extend her privacy fence were denied. Moreover, the

chancellor found that appellees have the responsibility of maintaining the "buffer" and ordered that they could not take any action that would detrimentally affect appellant's property. Appellant contends on appeal that the chancellor erred in narrowing the width of the private-way easement that was defined by metes and bounds in the recorded plat.

Although this court tries chancery cases *de novo* on the record, we will not reverse unless we determine that the chancery court's findings of fact were clearly erroneous. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). Upon our *de novo* review, we hold that the chancellor was clearly erroneous in restricting appellant's right to use the entire area of the easement as a private way.

An easement is a property right and as such is entitled to all the constitutional safeguards afforded to other property rights. *Southwestern Bell Tel. Co. v. Davis*, 247 Ark. 381, 445 S.W.2d 505 (1969). In general, an express easement may be created by a written instrument. *Kennedy v. Papp*, 294 Ark. 88, 741 S.W.2d 625 (1987).

> The grant of an easement normally will control its location if the location is specified therein. The grant should identify an easement's location with specificity. In other words, the description of the easement requires such that a surveyor can go on the land and locate the easement from such description. . . .

25 AM. JUR.2d, *Easements and Licenses* § 74 (1996).

In addition, an appurtenant easement runs with the land and serves a parcel of land known as the dominant tenement, while the parcel of land on which the easement is imposed is known as the servient tenement. *Winningham v. Harris*, 64 Ark. App. 239, 981 S.W.2d 540 (1998). Thus, in this case we are concerned with an express easement, created by the metes and bounds description contained in the bill of assurance filed of record for Lot 17, Block 49, Lakewood. Because the land upon which the private way is located is owned by the appellees, their land is the

servient tenement, and appellant's private way is the dominant tenement.

Appellant argues that the chancellor erroneously applied the law pertaining to undefined easements in reaching his decision that appellant was not allowed to use the ten- by thirty-foot strip of property included in her private way; we agree.

■ Although we acknowledge that an easement that is not described by metes and bounds or defined with specificity is subject to "lines of reasonable enjoyment," *see, e.g., Howard v. Cramlet*, 56 Ark. App. 171, 939 S.W.2d 858 (1997), that is not the situation in the case at bar. Here, there is an express easement specifically established by metes and bounds for use as a private way by both appellant and appellees, and the chancellor can neither diminish the area nor restrict the usage of this private way.

■ The chancellor also clearly erred in taking into consideration the fact that the area had not been constantly used by appellant as a means of ingress and egress to her backyard and in determining that the area was a "buffer." We agree with the reasoning of the South Dakota Supreme Court in *Salmon v. Bradshaw*, 173 N.W.2d 281 (S.D. 1969), wherein the court held that owners of the servient tenement could not restrict the dominant tenement owner's use of an express easement. The court ruled:

> Plaintiffs are accordingly entitled to the free and uninterrupted use and enjoyment of the entire easement area for the clearly expressed purposes of the grant. The includes the "last inch as well as the first inch." It is immaterial whether or not plaintiffs made use of the full rights of the easement area in the past. Where "the language of the grant clearly gives the grantee a right in excess of the one actually used, such right would still exist notwithstanding the exercise of a lesser privilege." An easement created by an express grant is not lost by mere nonuser or partial use.

173 N.W.2d at 285 (citations omitted).

■ For the reasons cited above, we find that appellant is entitled to use the entire area of the easement as a private way.

The chancellor's findings that the ten- by thirty-foot strip of property within the easement must be used as a "buffer" only and that appellant is not entitled to use the property as a private way are clearly erroneous; therefore, we reverse the chancellor on this point.

■ As to the chancellor's denial of appellant's request to pave the remainder of the private way, appellant has not cited to this court, and we have been unable to find, any law that would specifically allow her to pave the property. However, we note that appellant, as the owner of the dominant estate, is responsible for preparation, maintenance, improvements and repair of the way "in a manner and to an extent reasonably calculated to promote the purposes for which it was created . . . causing neither an undue burden upon the servient estate nor an unwarranted interference with the rights of common owners . . . ." *Barraclough v. AP&L Co.*, 268 Ark. 1026, 1030, 597 S.W.2d 861, 863 (Ark. App. 1980) (citations omitted). Appellant, in addition,

> has the right to do everything necessary to preserve the easement, and the right to repair a way is fully established . . . The question of what acts of repair are reasonable in the use and enjoyment of an easement is one of fact in each particular case, and depends on the extent and character of the lawful use of the easement. *Craig v. O'Bryan*, 227 Ark. 681, 686, 301 S.W.2d 18, 21 (1957) (citing *Doan v. Allgood*, 141 N.E. 779 (Ill. 1923)).

■ In *Barraclough, supra*, this court also pointed out that the general rule which provides that once the character of an easement is fixed, no material alterations can be made in the physical conditions which are essential to the proper enjoyment of the easement except by agreement, is a restriction on the owner of the *servient* estate rather than on the owner of the *dominant* estate. Thus, we hold the chancellor clearly erred in finding that appellees are responsible for maintaining the easement. Appellant is the one who bears this responsibility, and she may do whatever is necessary to preserve the easement, including reasonable repairs and improvements. As to the specific question of whether or not appellant may pave the remainder of the easement, we remand this

issue to the chancellor to determine whether this is a reasonable repair.

■ As to the issue of whether appellant may place a fence along the edge of the private way, we cannot say the chancellor was clearly erroneous. As a general rule,

> [A] grant of an easement or right of way does not, by implication, include the right to have such way kept open to the sky for light and air, and the grant is not interfered with by building over the way, provided there is no interference with reasonable use of the easement as a passageway. . . . Of course, if a structure is contrary to the terms of grant of way, it cannot lawfully be erected; if the grant shows an intention of the parties that the way should not be interfered with by overhead obstructions, such intent will be given effect.

25 Am. Jur.2d, *Easements and Licenses* § 99 (1996). Further, in the case of an easement by grant, the creation is evidenced by the language and circumstances of the grant, and the extent of the easement is to be ascertained from the language construed in the light of relevant circumstances. *Jordan v. Guinn & Etheridge*, 253 Ark. 315, 485 S.W.2d 715 (1972).

■ Here, the easement was granted as a private way for use by the owners of both Lots 16 and 17. The easement does not contemplate a fence being erected in conjunction with the parties' use of the property as a private way. Moreover, if appellant were allowed to construct a fence, it would restrict appellees' use of the property as a private way because the fence would block their access to the property and interfere with their reasonable use of the easement as a private way. Therefore, we affirm the chancellor on this issue.

Reversed in part; remanded in part; affirmed in part.

Bird and Griffen, JJ., agree.