DOUG'S ELECTRICAL SERVICE, INC. *v.*
Mike MILLER and Cliff Goodin

CA 01-1343                                    83 S.W.3d 425

Court of Appeals of Arkansas
Division IV
Opinion delivered August 28, 2002

*Hurst Law Firm, P.L.L.C.*, by: *Q. Byrum Hurst, Jr.*, and *Travis J. Morrissey*, for appellant.

*Laws & Murdoch, P.A.*, by: *Ike Allen Laws, Jr.*, for appellees.

A NDREE LAYTON ROAF, Judge. Appellant, Doug's Electrical Service ("Doug's Electrical"), filed a quiet-title petition to remove an easement burdening its land and benefitting the land of appellees, Mike Miller and Cliff Goodin. The trial court granted appellees' motion for summary judgment, and Doug's Electrical appeals. On appeal, Doug's Electrical argues that the trial court erred in granting summary judgment, because the easement at issue was extinguished by merger of the dominant and servient estates and was not subsequently revived. We affirm.

Both parcels of land involved in this case were once owned by Jessie Bell Smith. Mrs. Smith transferred the south portion of her property to her son, Doyle Smith, in a warranty deed dated September 8, 1987. This deed provided that the land conveyed

was subject to a seventy-foot-wide right-of-way running between the two parcels, along and parallel with the south edge of a ditch that ran east to west. At some point after this deed was recorded, Mrs. Smith died and the north portion of the property came into the ownership of Doyle Smith and his two sisters, Delores Buffington and Mary Williams.[1] Doyle Smith then brought a quiet title action against Buffington and Williams involving the parcel deeded to him by Jessie Bell Smith in 1987. Buffington and Williams consented to quiet title in Doyle Smith, with the provision that there be a seventy-foot-wide easement along the north side of the property for utilities and a road and another easement on the south side of the property for ingress and egress. A quiet title decree was entered on September 24, 1996, specifically reciting that the property was "subject to a 70 feet (sic) wide easement along the North side."

On October 25, 1996, Doyle Smith conveyed the property at issue to Doug's Electrical by warranty deed that also recited a seventy-foot-wide easement across the north side, in addition to an easement on the south side of the property and any other easements of record. The property owned by Doyle Smith, Buffington, and Williams was later conveyed to appellees, Mike Miller and Cliff Goodin. On April 24, 2001, Doug's Electrical sued appellees to quiet title to the seventy-foot easement after it learned that appellees planned to put a road on the easement. The trial court granted summary judgment in favor of appellees, and Doug's Electrical brings this appeal.

On appeal, Doug's Electrical argues that the trial court erred in granting summary judgment because the easement was extinguished by merger of the dominant and servient estates and was not subsequently revived. When reviewing orders of summary judgment, the appellate court need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Chambers v. Stern*, 347 Ark. 395, 64 S.W.3d 737 (2002). The proof submitted must be viewed in the light most favorable to the nonmoving

---

[1] The record does not reflect how Smith and his sisters held title to this property.

party, and "any doubts or inferences must be resolved against the moving party." *Renfro v. Adkins*, 323 Ark. 288, 295, 914 S.W.2d 306, 309-10 (1996). Once a moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents, the opposing party must demonstrate a genuine issue of material fact by meeting proof with proof. *Id.* Summary judgment is proper when the nonmoving party fails to show that there is a genuine issue as to any material fact and when the moving party is entitled to summary judgment as a matter of law on the issues set forth in the motion. Ark. R. Civ. P. 56(c)(2) (2002). If, after reviewing undisputed facts, reasonable men might reach different conclusions from those facts, then summary judgment should be denied. *Plant v. Wilbur*, 345 Ark. 487, 47 S.W.3d 889 (2001).

■ Doug's Electrical first contends that the easement contained in the deed from Jessie Bell Smith to Doyle Smith was extinguished when Doyle Smith became the owner of the dominant estate while concurrently owning the servient estate. Doug's Electrical cites *Massee v. Schiller*, 237 Ark. 809, 376 S.W.2d 558 (1964), in support of its argument that the ownership of both the dominant and servient estates creates a merger of the two titles, thus extinguishing the encumbering easement. The appellants in *Massee* claimed ownership of a twenty-foot-wide lane by adverse possession. *Id.* The court did not expressly address the issue of merger, but stated that a prior common ownership of both parcels at issue "annihilated any inferior interest or title such as adverse possession or easement" that the owner might have previously acquired against the former owner of one of the parcels. 237 Ark. at 811-12, 376 S.W.2d at 559. Also, in a second appeal involving the same parties, the court stated that the easement ran with the ownership of the dominant owners' land until ownership of the easement was merged with ownership of the servient estate or until the easement was abandoned. *Massee v. Schiller*, 243 Ark. 572, 420 S.W.2d 839 (1967). Thus, it appears that Arkansas recognizes the doctrine of merger.

■ Merger has been applied in other jurisdictions and is recognized by the Restatement of Property. *See, e.g., Freeman v. Rost Family Trust*, 973 P.2d 1281 (Colo. Ct. App. 1999); *Ellis v.*

*McClung*, 291 Ill. App.3d 448, 683 N.E.2d 911 (1997); *Mularoni v. Bing*, 306 Mont. 405, 34 P.3d 497 (2001); *Faulconer v. Williams*, 327 Or. 381, 964 P.2d 246 (1998); *Radovich v. Nuzhat*, 104 Wash. App. 800, 16 P.3d 687 (2001); Restatement (Third) of Property, Servitudes, § 7.5 (1998); Restatement (First) of Property § 497 (1944). "A servitude is terminated when all the benefits and burdens come into a single ownership." Restatement (Third) of Property, Servitudes, § 7.5. The rationale for this doctrine is that when the benefits and burdens are united in a single person, or group of persons, the servitude ceases to serve any function, and because no one else has an interest in enforcing the servitude, the servitude terminates. *Id.* at cmt. a.

■ ■    In this case, however, it appears from the record that the ownership of the dominant and servient estates did not come into the ownership of a single person or group of persons. Doyle Smith owned the servient estate outright, but after his mother died he came into ownership of the dominant estate jointly with his sisters, Buffington and Williams. In order to extinguish an easement by merger, the unity of title or ownership must be co-extensive in validity, quality, and all other circumstances of right, and an easement is not extinguished by the acquisition by the owner of one estate of title to only a fractional part of the other estate. *Mularoni v. Bing, supra* (citing 28A C.J.S. *Easements* § 123 (1996)); *Ellis v. McClung, supra*. Merger of estates is a question of intent. *Ellis v. McClung, supra*.

■    It is not clear from the record precisely how Doyle Smith and his sisters acquired the property from their mother. The Restatement (First) of Property § 497, Comment b, states that merger does not apply to estates held in co-ownership, but only to estates held in severalty[2]; however, the caveat in Comment b states that the Restatement takes no position on whether the doctrine of merger applies where there is unity of ownership of an undivided fractional interest, such as by a tenant in common, with a like fractional interest in the other tenement. The Restatement

---

[2] An estate in severalty is one "which is held by the tenant in his own right only, without any other person being joined or connected with him in point of interest during the continuance of his estate." *Black's Law Dictionary* 1374 (6th ed. 1990).

(Third) of Property, Servitudes, § 7.5, Illustration 7, provides that merger does not occur where only one estate is held by tenants in common. Thus, it appears that Doyle Smith's ownership of both estates would not extinguish the easement, regardless of whether he owned the dominant estate as a joint owner or a tenant in common. However, the outcome of this case does not rest solely upon resolution of this issue; even if the easement was extinguished by merger, the question remains as to whether the easement was revived in the subsequent conveyances.

In this regard, Doug's Electrical also argues that the extinguished easement was not subsequently revived, even though the easement was recited in his chain of title and in his deed from Doyle Smith. Once an easement has been extinguished through merger, the easement does not come into existence again merely by severance of the estates. Restatement (First) of Property § 497, cmt. h. However, upon severance, "a new easement authorizing a use corresponding to the use authorized by the extinguished easement may arise," but if it does arise, "it does so because it was newly created at the time of the conveyance." *Id.* "Such a new creation may result, as in other cases of severance, from an express stipulation in the conveyance by which the severance is made or from the implications of the circumstances of the severance." *Id.* The Restatement (Third) of Property, Servitudes, § 7.5 also states that the standards for recreating an easement that has been extinguished are the same standards that are required to create an easement in the first instance.

There are no Arkansas cases addressing this issue. Doug's Electrical cites to cases from other jurisdictions that hold that an easement cannot be revived merely by severance of the merged estate in conjunction with language in subsequent deeds referring to the extinguished easement. In *Capital Candy Co. v. Savard*, 135 Vt. 14, 369 A.2d 1363 (1976), the court stated that the easement was not recreated upon severance where the subsequent deeds merely referred to a nonexistent easement that had been extinguished. However, in *Radovich v. Nuzhat, supra*, the court disagreed with this view, and cited the Restatement view, stating that the opinion in *Capital Candy* does not indicate whether those deeds contained language actually describing the easement or

merely incorporated the description by reference. The court stated that, to the extent that *Capital Candy* and other cases could be read to hold that language sufficient to create a new easement is not sufficient to recreate an extinguished easement, it disagreed and declined to follow them. *Id.*

In this instance, we find that the language in the deed from Doyle Smith to Doug's Electrical is sufficient to create a new easement. It is an express easement created by a written instrument, and the description of the easement is such that a surveyor could go on the land and locate the easement from the description, as evidenced by the survey commissioned by Doug's Electrical that indicated the easement. *See Wilson v. Johnston*, 66 Ark. App. 193, 990 S.W.2d 554 (1999).

Moreover, even if other evidence of intent to create a new easement were necessary to recreate the extinguished easement, as under the view of *Capital Candy Co.*, *supra*, such evidence exists in this case. The descriptions of the easement found in deeds subsequent to its alleged extinguishment are not mechanistic recitals of the description in the original deed from Jessie Bell Smith to Doyle Smith, as alleged by Doug's Electrical. The language describing the easement changed from the original deed to the description of the easement found in the Decree Quieting Title and in the deed to Doug's Electrical. The easement was previously described as running along the south edge of the ditch, but in the subsequent conveyances, the easement is described as across the north side of the property. Also, the servient estate was not described in exact metes and bounds in the original deed, but in the subsequent deeds, the estate is described by degrees, minutes, and seconds. In addition, the documents dealing with the quiet title action between Doyle Smith and his sisters show that this easement was bargained for by the sisters when they consented to the quiet title and is contained in the quiet title decree. This evidence clearly shows that Doyle Smith had the requisite intent to recreate the easement in the quiet-title decree, and to convey the property to Doug's Electrical subject to this easement. In fact, the easement was reflected in documents in Doug's Electrical's chain of title, as well as in his survey, real-estate contract, and title-disclosure documents, and it is clear from the record that Doug's

Electrical had actual notice of this easement. The trial court accordingly found that there were no material issues of fact to be litigated, and summary judgment was appropriate as a matter of law. We cannot say that the court erred in granting the summary judgment.

Affirmed.

HART and VAUGHT, JJ., agree.